## SAGENDORPH v. HUGHES.

(Circuit Court, E. D. Pennsylvania. July 10, 1899.)

1. DESIGN PATENTS—ANTICIPATION.

If two designs are so much alike that one may readily be taken for the other by an ordinary observer, the earlier constitutes an anticipation of the later, notwithstanding differences in detail and in non-essential matters.

2. SAME—METALLIC SIDING FOR BUILDINGS.

The Sagendorph patent, No. 17,235, for a design for metallic siding for buildings, which covers a representation of raised brickwork with intermediate depressed grooves curved in cross section, is void, because of anticipation by the Hardy patent, No. 163,991, for a covering for the exterior walls of buildings.

Connolly Bros., for complainant.
James S. Williams, for respondent.

McPHERSON, District Judge. The complainant is the owner of design patent No. 17,235, issued April 5, 1897, the claim of which is as follows:

"In a design for metallic siding for buildings, the representation of raised brickwork with intermediate depressed grooves * * * curved in cross section, substantially as shown and described."

He alleges that the defendant is infringing the patent by manufacturing metallic siding nearly, if not quite, identical in substance and appearance with the siding that he has been making and selling under his patent for several years. Infringement is not denied, if the patent is valid; but the defendant denies its validity upon two grounds: (1) Because the design was not new or original, but was an imitation merely, and not an invention. (2) Because, if the design be patentable, it had been anticipated by P. T. Hardy in June, 1875,—patent No. 163,991 having been granted to him in that month for "a covering for the exterior walls of buildings, composed of a sheet of lead or other soft metal, having impressed or otherwise formed upon its outer face the configuration of brick, stone, or other facing usually employed for walls, substantially as and for the purpose specified"; and also because the complainant's design had been similarly anticipated by patent No. 296,647, granted in April, 1884, to Peter Toglio, for "imitation brick weatherboarding for frame houses, made with grooves on its surface, treated in the manner described, substantially as shown and for the purpose set forth."

I shall not consider the first ground of defense, because I think the second ground has been established. "The true test of identity of

design is sameness of appearance,—in other words, sameness of effect upon the eye * * * of an ordinary observer." Smith v. Saddle Co., 148 U. S. 674, 13 Sup. Ct. 768. Tried by this test, the complainant's design has been anticipated by Hardy's patent at least, and probably by Toglio's, also. There are some differences in detail. Only one surface of Hardy's siding is intended to be presented to the eye, while either surface of the complainant's siding may be thus presented; and the curves of the grooves differ somewhat. But these are not essential matters. To the ordinary eye, the two designs are so much alike that one may readily be taken for the other. I am of opinion, therefore, that the complainant's design was not patentable, because it was anticipated by Hardy's patent. The bill must be dismissed, with costs.