## In re WHITING.
### Patent Appeal No. 2691.

Court of Customs and Patent Appeals.
April 22, 1931.

Louis E. Giles, of New York City (Fraser, Myers & Manley, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner in denying a patent to appellant upon a design for a dress. The particular dress in question is stated by counsel to be the official uniform of the Girl Scouts of America, and the drawings accompanying the application show a one-piece dress with a box pleat in the back and with a detachable belt. Three patch pockets are shown in front, one on the left breast and two below the belt. There is a rolling collar which has upon the lapels on each side the letters G. S. Over each shoulder are inverted tucks. The sleeves are of the ordinary type, with cuffs. There is no yoke in the back, but triangular stitching holds the upper end of the box pleat and also confines it just above the belt line. A row of extra stitching is around the edge of the collar and two rows of extra stitching are across the top of each pocket. The pockets are closed with buttons, and the belt is fastened in front with two buttons. This belt also has extra stitching and there is an extra row of stitching around a large hem at the bottom of the skirt. The cuffs are fastened with buttons.

The Board of Appeals has refused to grant a patent for this design by reference to the following: Reed, 1,008,493, November 14, 1911; Anderson (Des.), 51,831, March 5, 1918; Goldstein, 1,538,632, May 19, 1925; Montgomery Ward & Co., Item 36-B-359, page 60, 1925.

The reference Reed shows a shirtwaist with a box pleat in the back. Anderson is a design patent for a sweater coat, and shows a roll collar, with a belt and cuffs and bands of different colored material surrounding the bottom of the skirt of the coat and edging the two pockets which appear upon the front. Goldstein is a product patent upon a belted garment, and shows the back of a garment with a box pleat, a detachable belt, a yoke, and a rolling collar. The reference to the catalogue of Montgomery Ward, Items 36-B-359 and 367, shows house dresses, 359 being made to button in front, with one patch pocket and a rolling collar; item 367 showing a similar collar, a belt, and two patch pockets, this garment evidently being of the slip-on type.

It is quite evident that every individual feature of this garment is old and shown by the references. However, the fact that the individual elements of the design are all old does not prove want of invention in assembling them into a design. Zidell v. Dexter (C. C. A.) 262 F. 145. Old and well-known elements may be combined into a design which is patentable. The authorities are wont to state that such a design is patentable if there be invention in it. In this court we have said that to constitute such invention the designer must have invented a new, original, and ornamental design. In re Walter, 39 F.(2d) 724, 17 C. C. P. A. 982.

Speaking of design patents, the Supreme Court said in Gorham Mfg. Co. v. White, 14 Wall. 511, 528, 20 L. Ed. 731:

"We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

Again, it was said in Smith v. Whitman Saddle Co., 148 U. S. 674, 679, 13 S. Ct. 768, 770, 37 L. Ed. 606:

"The exercise of the inventive or originative faculty is required, and a person cannot be permitted to select an existing form, and simply put it to a new use, any more than he can be permitted to take a patent for the mere double use of a machine. If, however, the selection and adaptation of an existing form is more than the exercise of the imitative faculty, and the result is in effect a new creation, the design may be patentable."

To the same effect are Zidell v. Dexter, supra; Faris v. Patsy, etc., Co. (C. C. A.) 273 F. 900; Sagendorph v. Hughes (C. C.) 95 F. 478; Boldt Co. v. Turner Bros. Co. (C. C. A.) 199 F. 139.

We are forced, somewhat reluctantly, to the conclusion that the design disclosed here presents nothing inventive in character, and nothing which would lead the ordinary observer to conclude on seeing it that here was something distinctive and different from any-

914

thing he had seen before. Every bit of ornamentation or work upon it is old in the art of the seamstress, and its elements can be seen on any street of any city in the costumes of the passers-by.

Allusion is made to the letters G. S. upon the collar lapels as being distinctive. These are simply block letters, of no unusual design. The placing of these letters upon the design cannot be said to be inventive. If so, any letter, or any combination of letters, would constitute a different, patentable design. The substitution of one letter, or emblem, in such a design, for another, is not inventive in any greater sense than was the fraternal emblem in Re Merritt, 35 F.(2d·) 783, 17 C. C. P. A. 629.

The decision of the Board of Appeals is affirmed.

Affirmed.