25 C.C.P.A.(Patents)

## In re EPPINGER.
### Patent Appeal No. 3871.

Court of Customs and Patent Appeals.
Feb. 7, 1938.

Myron J. Dikeman, of Detroit, Mich., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Examiner of the design division of the United States Patent Office finally rejected all the claims, two in number, of appellant's application for a design patent for an ornamental design for a trolling spoon used in fishing. Appellant's specification originally consisted of what he denominated as four claims, three of which were prepared much on the plan of a claim covering a mechanical invention. After considerable Patent Office amendment and consideration, the Examiner finally rejected claims 2 and 4. He had ruled that all claims but claim 4 be canceled. This appellant failed to do.

Claims 2 and 4 follow:

"2. An ornamental color decorative design for the surface of a trolling spoon, comprising a semi-S-shaped curved white stripe line positioned lengthwise of the spoon surface and extended nearly the full length thereof, combined with red curved stripe lines placed adjacent thereto on either side thereof covering the remaining spoon surface, and the entire striped surface imprinted with a hexagonal line section net design substantially as shown.

"4. The ornamental design for a trolling spoon, as shown."

The Examiner ruled that only one claim was permissible, and that it should be in substantially the following form:

"I claim: The ornamental design for a trolling spoon, as shown."

The Board stated that since both claims 2 and 4 were finally rejected by the Examiner, it would consider both claims.

The references relied upon by the Examiner are as follows: Simmons Hardware Catalogue D copyrighted 1930, page 1802, Item No. D–2 in particular; Dills, 1,323,458, December 2, 1919; Dills, 1,391,-670, September 27, 1921.

The patent to Dills, 1,323,458, is for an artificial bait or lure. It is of the usual minnow-shaped, wooden lure type, coated in green paint so as to simulate a covering of network.

The patent to Dills, 1,391,670, relates to a process of fish bait manufacture and shows the manner of applying the network effect to a wooden fishing plug.

The Simmons Hardware Catalogue representation of a metal fish lure shows, as the Examiner has stated, the identical form of wavy striped trolling spoon as is shown in the drawing of the instant application, except that it is not covered or coated so as to have the network effect. The Board stated:

"We shall consider both claims since both were finally rejected. Applicant states that claim 4 should be amended to take its original form in which case it is identical in effect with claim 2.

"The catalog disclosure shows the identical design covered by claim 2 except that it is not covered with a net design which per se is old as shown in the Dills patents in combination with other color designs. We agree with the examiner that there is no invention in combining the two designs. This is clearly set forth by the examiner and we see no point in restating his position."

From the decision of the Board, appellant has appealed here.

We have examined appellant's reasons of appeal in which he challenges certain actions on the part of the Examiner with reference to amendments. We do not think any reason of appeal sufficiently complies with the patent statutes to raise any question before us, except the correctness of the action of the Board in affirming that of the Examiner in denying a patent to the appellant for the design applied for. In passing, it may be proper to say that appellant's specification and form of claims is quite unusual. It seems to us that the suggestion of the Examiner that appellant was entitled to but one claim, in substantially the form as was suggested, was proper. Ex parte Hopkins, Jr., 1923 C.D. 105. See Rules of Practice in the United States Patent Office, Nos. 81, 82, and 84; also form of design application prescribed by the rules.

Appellant's argument here, for the most part, involves the contention that since none of the references show applicant's design as a whole, they cannot be held properly to anticipate his alleged invention.

The rule has long been settled that the Patent Office tribunals may combine references for the purpose of showing lack of invention in applications for design patents. In re Whiting, 48 F.2d 912, 18 C.C.P.A., Patents, 1220. It is equally well-settled law that one is not entitled to a patent for a design merely because the applicant has produced something which differs in appearance from anything previously produced. As we see it, the exact question to be answered here is: Did it require invention to combine the network coating of the prior art with the prior art striped spoon?

We think appellant in his contentions here disregards the necessity for the exercise of the inventive faculties in producing a patentable design. Carried to their logical conclusion, appellant's contentions are to the effect that one must be regarded as a design inventor if he produces a design which has a pleasing effect and which differs in appearance from any prior production, irrespective of any other consideration. The design patent law grants a limited monopoly to a design inventor. 35 U.S.C.A. § 73 et seq. The purpose of the enactment, obviously, was to stimulate the exercise of the inventive faculty in the improvement of the appearance of articles of manufacture. Invention consists in something more than good draftsmanship and extended research for new appearances. To grant patent monopolies on applications like the one at bar would, in our opinion, unnecessarily hamper and obstruct manufacturers in the development of their business without promoting the purposes for which the design patent law was enacted.

The Board properly affirmed the action of the Examiner in rejecting the application of appellant, and its decision is affirmed.

Affirmed.