**37 C.C.P.A. (Patents)**

**Application of PARK.**

**Patent Appeals No. 5676.**

United States Court of Customs and Patent Appeals.

April 3, 1950.

E. V. Hardway, Houston, Tex., for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Associate Judges.

JOHNSON, Judge.

Appellant's application for a design patent for a new and ornamental design for a Smoker's Pipe was rejected by the Primary Examiner in the United States Patent Office as lacking invention over cited references. The Board of Appeals affirmed that rejection relying upon the following references:

| | | |
|---|---|---|
| Masters | D- 2,824 | Nov. 5, 1867. |
| Mattern | D- 55,867 | July 20, 1920. |
| Stronach | D- 67,623 | June 16, 1925. |
| Craig | D- 83,722 | March 24, 1931. |
| Link | D-138,437 | Aug. 8, 1944. |

Appellant's pipe presents the configuration of a pipe bowl which simulates a golf club head, and a curved pipe stem.

Both the Masters and the Stronach references are design patents covering smok-

ing pipes. The drawings of the patents illustrate bowls of pipes with curved stems.

The drawings of the Mattern, Craig, and Link references illustrate golf club heads similar in design to the bowl of appellant's pipe.

The board held in effect that appellant's pipe has a conventional curved stem portion, as is shown in Stronach or Masters, at the end of which is a bowl portion which simulates a golf club head of the type shown in Link, Craig, or Mattern, and that the mere imitation of an existing form and putting it to a new use is not inventive from a design standpoint. In its decision the board said: "Insofar as the combination of a pipe stem and a simulated article is concerned, that is shown in Stronach. We do not believe that the substitution of a representation of the golf club head of any of the golf club head references cited, for example that of Link, for the tuba-like bowl in Stronach is invention, notwithstanding that the combined simulated golf club head and pipe stem is, per se, novel."

The Solicitor for the Patent Office acknowledges in his brief that the tribunals below conceded that appellant's design is novel and has a new and different appearance.

That each element in a patented design is old does not of itself negative invention, for patentability may reside in the manner in which the elements are combined. The design as a whole, and the impression it makes on the eye, must be considered. Grelle v. City of Eugene, 9 Cir., 1915, 221 F. 68. This court held in the case of In re Whiting, 48 F.2d 912, 18 C.C.P.A., Patents, 1220, that the fact of individual elements of a design each being old does not prove want of invention in combining them in a design, as well-known elements may be combined in a design which is patentable.

Appellant contends that he has not merely combined old parts of the references to form his pipe, but rather has redesigned the old parts of the references so that the bowl of the pipe is different from the golf club heads of the references and the stem of the pipe is different from the stems of the pipes of the references. In so doing, he contends, he has invented a new design for a pipe which is a novel article of manufacture presenting an appearance which has aesthetic appeal.

In considering design patents, courts apply the rule that it is not enough if a particular design be new, original, and ornamental, but there must be present the exercise of the inventive faculty as well. The fourth element of the formula which determines the patentability of a design, viz., the exercise of the inventive faculty, is said to defy definition and resides as a subjective standard in the mind of the judge considered as an "average observer." In re Johnson, 175 F.2d 791, 36 C.C.P.A. Patents, 1175.

A comparison of the drawings of appellant's application with the drawings of the cited references shows that appellant's pipe bowl is quite different from the golf club head of each of the references. This is true when viewed from any side or angle. A comparison of the drawings show appellant's pipe stem to be different from those of the references, both as to proportions and to angle of the curves. The overall appearance of appellant's pipe is decidedly different from any of the cited references. We think that the combination of the redesigned configuration of the golf club head with the redesigned and different proportion and angle of appellant's pipe stem results in a smoker's pipe which is distinctive, new and ornamental in appearance, aesthetically pleasing, and which required the exercise of the inventive faculty. Therefore, the decision of the Board of Appeals is *reversed*.

Reversed.