37 C.C.P.A.(Patents)
**Application of WARD.**

**Patent Appeal No. 5705.**

United States Court of Customs and
Patent Appeals.

June 30, 1950.

Hyde, Meyer, Baldwin & Doran, Cleveland, Ohio (George S. Baldwin, Cleveland, Ohio, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting appellant's application for a patent for an alleged invention relating to a "Design for a Coin Holder or Similar Article."

The references relied upon are: Strattan 231,863, Aug. 31, 1880; Miller 1,025,150, May 7, 1912; Wojciechowski D-63,812, Jan. 15, 1924.

Appellant's coin holder is an elongated, flat-like, one-piece receptacle with straight and parallel side walls, rectangular top and bottom walls, and an open end to pass coins to and from the interior of the receptacle. The opposite end is closed by an arcuate member at the middle of which is provided an ear with a circular opening to receive a key chain. The rectangular top wall has a longitudinally disposed slot of substantial size with parallel sides and arcuate ends, the edges of which are beveled inwardly. The top and bottom walls are beveled at their ends merging harmoniously with the adjacent curved end closure which is open at the top and bottom.

The patent to Strattan relates to a ticket case and the drawings disclose a rectangular case containing a sliding drawer. The case has an oval opening in the face thereof, being open at one end for the movement of the sliding drawer there through.

The Miller patent relates to a coin holder for use in rural mail boxes. The drawings disclose a pair of pivotally connected channel-shaped jaws, the side flanges of the front jaw extending rearwardly and the side flanges of the rear jaw extending forwardly to provide a box-like receptacle. The jaws are connected on one end by a pivot pin and the other end is provided with a curved bail or handle used for the purpose of hanging the holder in a mail box.

The patent to Wojciechowski relates to a design for a document case. The drawings disclose front and rear sections hingedly connected at their straight lower ends and detachably connected at their upper curved ends with the edges of both sections beveled inwardly.

The examiner considered appellant's coin holder to be of the general type depicted by Miller's coin holder with semicircular

handle. He thought that Strattan's ticket case presented the general shape of the body of appellant's device, as well as the oval aperture on one side. The examiner consequently held that invention was not involved in modifying Strattan by adding Miller's curved handle, or substituting Strattan's box for that shown in Miller. While the examiner acknowledged that appellant's design presented a streamline appearance unlike Strattan, he considered the difference to lie within the reach of the average designer's skill, particularly in view of Wojciechowski's disclosure of beveled edges.

After the examiner's final rejection of the claim, the appellant filed an affidavit in which he stated that coin holders conforming to his design were placed on the market in 1946, received immediate commercial success, and that since then more than three million of the coin holders have been sold.

Following the filing of the affidavit, the case was remanded to the Primary Examiner. In a supplemental statement the examiner stated that appellant's affidavit relating to the commercial success of the coin holder had been considered, but that such an affidavit was persuasive only where there was doubt as to patentability. Stating that there was no such doubt in the instant case, the examiner again rejected the claim.

The board held that appellant's coin holder has the general appearance of the Miller device, differing in detailed appearance from that coin holder in that the claimed design has an oval aperture in the top and is more regularly box-shaped. The board thought that it would not involve invention to substitute Strattan's regularly shaped box with oval opening for the body of the Miller coin holder. Appellant's chain-attaching apertured extension, the beveling employed in his design, and the attachment of the bail in Miller's coin holder near the center of the body instead of the end were all considered by the board to be mere details not changing the general appearance of the coin holders nor imparting patentability to the claim. As to appellant's proof of commercial success, the board considered it not

persuasive inasmuch as in its view there was no doubt as to the lack of invention over the references, and as it was not established that the alleged success was due to the aesthetic appeal of the coin holder.

Appellant's contention is that he has not merely combined parts of the references to form his coin holder, but rather has designed a coin holder entirely unlike any that could be designed by a combination of the references. He submits that he has invented a new design for a novel article of manufacture presenting an appearance which has aesthetic appeal.

■ It is proper for the Patent Office tribunals to combine references for the purpose of showing lack of invention in applications for design patents. In re Faustmann, 155 F.2d 388, 33 C.C.P.A., Patents, 1065; In re Eppinger, 94 F.2d 401, 25 C.C.P.A., Patents, 843; but even if each element in a claimed design is old, that fact of itself does not negative invention, for patentability may reside in the manner in which the elements are combined. The design as a whole, and the impression it makes on the eye must be considered. In re Park, 181 F.2d 255, 37 C.C.P.A., Patents, ——.

■ A comparison of the drawings of appellant's application with the drawings of the cited references shows that appellant's coin holder is quite different from any of the cited references or any combination of the cited references. This is true when viewed from any angle. We think that appellant's design is novel and different, and not merely a modification of already-existing designs. The overall appearance of appellant's coin holder is distinctive, ornamental, and aesthetically pleasing. Moreover, we deem it the product of the inventive faculty. Under the statute, R.S. 4929, 4933, 35 U.S.C. § 73, 35 U.S.C.A. § 73 that is sufficient, In re Johnson, Jr., 175 F.2d 791, 36 C.C.P.A., Patents, 1175.

It follows from what we have said, that the decision of the Board of Appeals must be, and is reversed.

Reversed.