39 C.C.P A. (Patents)

### Application of MILLER.
### Patent Appeals No. 5828.

United States Court of Customs and Patent Appeals.

Jan. 29, 1952.

Charles E. Lightfoot, Houston, Tex. (Aubrey E. Hummer, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner in finally rejecting, for lack of invention over the references, the single claim of appellant's application for a design patent for a new and ornamental design for a "Grease Jar," shown in three figures of drawings forming a part of appellant's application.

The references relied on are: Fay et al., D–23,100, March 6, 1894; Andrews, D–82,-966, January 6, 1931; Modern Packaging, August 1935, p. 6; American Hospital Supply Corporation, Catalogue No. 80, p. 73, item No. 256, July 1, 1940.

In the brief of counsel for appellant is found the following descriptive matter: "The body of the jar is generally cylindrical in shape, having a substantially flat bottom, which merges in a smooth curve with the side wall of the jar. There is a recess in the side of the jar, which has a smoothly curved bottom and whose sides are joined by smoothly curved corners. The cover of the jar has a cylindrical side wall, which forms a continuation of the side wall of the jar, and is formed with an upwardly convexed top merging in a smooth curve with the side wall."

The patent to Fay et al. shows a bottle having three flat sides, the fourth side,

which is the front, being outwardly curved and having impressed therein a rectangular recessed portion, seemingly for the purpose of holding a label or other identifying mark showing the contents of the bottle.

The Andrews patent shows a cylindrical box with a spherical knob in the center portion of the cover which is slightly convex.

The Modern Packaging publication shows a number of "re-use containers" having a knob in the center of the top portion of each.

The American Hospital Supply Catalogue discloses a needle and ointment jar, of various sizes, somewhat similar to the article made in accordance with appellant's design. The covers of those jars are provided with or without a rounded knob.

It was the examiner's opinion that appellant's claim was unpatentable over the references of record. In that respect he stated: "The American Hospital Supply Corporation catalog reference is considered the best anticipation of the basic configuration of applicant's jar since it shows a jar of the type described above having a knob on the cover. Andrews shows a round box of the proportions of the instant jar and with a spherical knob at the top. The Modern Packaging item shows a cylindrical one-piece container having a knob on the top and Fay shows that making a rectangular recess in the side of a bottle is old."

■ The record consists, among other things, of an affidavit reflecting commercial success of sales of appellant's jars. The examiner properly held that " * * * commercial success is of importance only where there exists a doubt as to the patentability of the design."

The Board of Appeals sustained the decision of the examiner.

Appellant appeals from the affirmance by the board contending that his design differs in every respect from the references and that his is a novel article of manufacture and presents an appearance designed to create an æsthetic appeal.

During the course of the oral argument counsel for appellant introduced, without objection from the Government, the following chart for the purpose of setting out the salient features of appellant's design as compared with the cited references.

| Appellant | Am. Hosp. Supply | Mod. Packaging | Andrews | Fay |
|---|---|---|---|---|
| A. Overall proportions Height=Diameter | H = ⅔ D | H = ⅔ to ⅞ D | H = between ½ and ⅝ D | (Bottle) |
| B. Smoothly Convex or Domed Top | No | No | Stepped top | (Bottle) |
| C. Smoothly Curved Corners | Disclosure not clear | No; Sharp | No; Sharp | (Bottle) |
| D. Spherical Knob almost tangent | No; necked | No; Cylindrical | Yes; Spherical *but sunken* | (Bottle) |
| E. Recessed Panel in Cylindrical Wall | None | None | None | Panel entirely across one wall of square bottle |

A careful study of the cited references and the design of the application brings us to the conclusion that there are a sufficient number of differences between them as to justify our holding that appellant is entitled to the benefit of any doubt as to the patentability of the design patent he seeks.

■ It is clear that in the design of appellant's jar there are to be found some lines and curves appearing in the structures of the cited prior art; however, while we have consistently held it is proper to combine references to show lack of invention in design cases, we have also held that the combining of prior art does not necessarily negative invention. In the case of In re Ward, 182 F.2d 1018, 1019, 37 C.C.P.A., Patents, 1239, this court stated: "It is proper for the Patent Office tribunals to combine references for the purpose of showing lack of invention in applications for design patents, In re Faustmann, 155 F.2d 388, 33 C.C.P.A., Patents, 1065; In re Eppinger, 94 F.2d 401, 25 C.C.P.A., Patents, 843; but even if each element in a claimed design is old, that fact of itself does not negative invention, for patentability may reside in the manner in which the elements are combined. The design as a whole, and the impression it makes on the eye must be considered. In re Park, 181 F.2d 255, 37 C.C.P.A., Patents, 1021."

■ Here appellant, by virtue of a combination of curves and straight lines which appear in the designs and articles disclosed in the cited references, has created a design which we believe to be sufficiently distinct from the cited references, or any combination thereof, in its overall appearance as to present an æsthetic appeal which, to our way of thinking, is the result of the exercise of inventive faculty.

■ The affidavit of commercial success showing the annual sale of between 150,000 and 200,000 jars shaped in accordance with appellant's design, which, while standing alone would not be controlling, under the circumstances herein we feel it proper to give such affidavit consideration.

For the reasons hereinbefore set out, the decision of the Board of Appeals is reversed.

Reversed.

JOHNSON, J., dissents.