39 C.C.P.A.(Patents)

### Application of BIGELOW.

Patent Appeal No. 5843.

United States Court of Customs and Patent Appeals.

Jan. 29, 1952.

Rehearing Denied March 14, 1952.

See also 194 F.2d 545.

Charles A. Bigelow, pro se.

E. L. Reynolds, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner in finally rejecting as unpatentable over the prior art appellant's application for a design patent "For Tread for Aircraft Tire."

The references relied on are: Bawden 1,050,790 January 21, 1913; Younglof Des. 106,079 September 14, 1937; Hale 2,203,617 June 4, 1940; Wait et al. 2,241,227 May 6, 1941; Smith 2,403,309 July 2, 1946; Bigelow Des. 145,348 August 6, 1946.

Appellant's design drawing discloses a chevron-like arrangement of tire tread ribs for aircraft tires, the apex of the rib lying in the median plane of the tire.

The patents to Bawden, Younglof, Hale, and Wait et al. show a chevron-like arrangement of treads on vehicular tires.

The patents to Smith and Bigelow show aircraft tires, the treads of which are adapted to aid in pre-rotating the landing wheels of aircraft.

In sustaining the view of the examiner that the design was not patentable over the prior art cited, the board stated

"The claim stands rejected as being unpatentable over Younglof, Bawden, Hale and Wait et al. These patents disclose vehicle tires having tread elements or lugs disposed in the form of chevrons, the overall appearance of the tread exhibiting a herringbone effect. The lugs are distinguished by having tapered sides which feature appears to be particularly disclosed by Hale; * * *. The patents to Smith and Bigelow have been cited primarily to show that aircraft tires of the pre-rotating type are well known and that it is common practice to supply them with transversely disposed peripheral ribs or lugs.

"It is the Examiner's position that the design here claimed is substantially the same in appearance as that shown in each of the four mentioned patents, the difference therebetween being minor and such as to involve only the expected skill of the routine designer."

This court is in complete accord with the views stated in the above quotation and deems it unnecessary to add thereto.

Appellant made no appearance nor was he represented by counsel during the oral

argument of this case before us. In his one-page brief filed in this court, appellant stated that he preferred to "let the merits of the Design stand on its own individual presentation."

A careful study of the record and the cited prior art brings us to the conclusion that the decision of the Board of Appeals was correct. That decision is hereby affirmed.

Affirmed.