39 C.C.P.A. (Patents)

## Application of BIGELOW.

Patent Appeal No. 5842.

United States Court of Customs and Patent Appeals.

Jan. 29, 1952.

Rehearing Denied March 14, 1952.

Charles A. Bigelow, pro se.

E. L. Reynolds, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

GARRETT, Chief Judge.

Reversal is here sought of the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of appellant's application for a patent for an aircraft tire tread design.

The claim, following the conventional form of design claims, reads: "The orna-mental Design for an Aircraft Tire; substantially as shown and described."

This is one of three companion cases, the three being concurrently decided. See In re Bigelow, 194 F.2d 549, 39 C.C.P.A., Patents, ——, and In re Bigelow, 194 F.2d 550, 39 C.C.P.A., Patents, ——.

Appellant was granted leave by the court to submit his several appeals on the records made in the Patent Office, which, he indicated, contained all the argument he desired to make. He was not represented by counsel, nor did he present any oral argument before us.

In written statements (identical except as to case numbers in the three suits) addressed to the court he said: "We will waiver [sic] further testimony in the form of responsive brief and let the case stand on the prepared and printed record; whereas, in substance, the submitted brief[s] to the Board of Appeals are deemed sufficient evidence to show that we were in good Faith and within the requirements as prescribed in the Rules of Practice for a Design Patent."

Seemingly by way of reply to the brief of the Solicitor for the Patent Office, the statement continued:

"We prefer to let the merits of the Design stand on its own individual presentation; in fact, this Design has the same amount of merit that any legitimate Design has for letters patent.

"A New and Different Design, is a New and Different Design for the purpose prescribed; Design of Tread for Aircraft Tire, substantially as shown and described.

"According to the Patent Office, Rules of Practice, for a Design Patent; there is no further argument required."

With respect to the arguments made in writing before the tribunals of the Patent Office during the prosecution of the case there, the board declared it to be "quite clear that appellant is under the impression that any difference, however slight, between a claimed design and the prior art designs is sufficient to establish patentability," and commented as follows: "* * * This is not so since design pat-

ents are granted only in those instances where the design exhibits a difference over the prior art designs requiring the exercise of the inventive faculty. * * *" [1]

The rule of law so stated by the board is a familiar one and no extensive argument with citation of authorities is necessary to support it. In re Park, 181 F.2d 255, 37 C.C.P.A., Patents, 1021 at 1023; and In re Jabour, 182 F.2d 213, 37 C.C.P.A., Patents, 1084 at 1086, are cases directly in point upon that question.

The differences between the issues involved in the three companion cases are apparent from our respective decisions.

In the instant case and in the case involved in Appeal No. 5843, supra, the rejections by the board were based upon prior art disclosed in cited patents. In the case involved in Appeal No. 5844, supra, the Primary Examiner applied prior art as one ground of rejection, but the board reversed as to that ground. However, the board sustained the examiner upon another phase of the case as is explained fully in our decision (opinion by Johnson, J.) and it will be observed that no references to prior art were relied upon in that case as a ground of rejection and that the ground upon which that application was rejected was not involved in Appeal No. 5843, supra (opinion by Worley, J.), nor is it involved in this appeal. In both this case and in Appeal No. 5843, supra, the rejections were based solely on prior art patents and the patents cited as references are the same in both cases. They are listed as follows in the board's

decision: Bawden, 1,050,790, Jan. 21, 1913, Younglof, Des.106,079, Sept. 14, 1937, Hale, 2,203,617, June 4, 1940, Wait et al., 2,241,-227, May 6, 1941, Smith, 2,403,309, July 2, 1946, Bigelow, Des.145,348, Aug. 6, 1946.

The last named patent is one granted to appellant. It and the patent to Younglof are the only design patents listed as references, the other four being product patents. It is well settled, of course, that product patents, when pertinent, constitute valid references in design applications. In re Jennings, 182 F.2d 207, 37 C.C.P.A., Patents, 1023, and cases therein cited.

All the references cited are in the tire art.

The board described the design here involved as follows: "The design here claimed pertains to a tread for a prerotating type aircraft tire. As shown in the drawing the tread portion of the tire is constituted of a plurality of spaced V-shaped ribs, the apex of each lying in the median plane of the tire which imparts to the periphery of the tire a raised 'herringbone' effect."

In the brief of the Solicitor for the Patent Office it is said: "The design which the appellant seeks to patent, as shown in the application drawings, comprises a tire tread made up of a series of V-shaped ridges, arranged in the manner of chevrons, with the apices of the angles of the ridges lying on the median plane of the tire. In cross-section, the individual ridges have a curved face leading from a broad base to a face at right angles to the surface of the tire."

1. Authority for the granting of design patents seems to have been provided first in the Patent Act of August 29, 1842, 5 Stat. at Large 548. The original act has been amended in certain particulars not of a fundamental nature. 35 U.S. C.A. § 73, R.S. §§ 4929, 4933, which is the statute here applicable, reads:

"Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention thereof, or more than one year prior to his application, and not in public use or on sale in this country for more than one year prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law and other due proceedings had, the same as in cases of inventions or discoveries covered by section 31 of this title, obtained a patent therefor.

"All the regulations and provisions which apply to obtaining or protecting patents for inventions or discoveries not inconsistent with the provisions of this title, shall apply to patents for designs. R.S. §§ 4929, 4933; May 9, 1902, c. 783, 32 Stat. 193; Aug. 5, 1939, c. 450, § 1, 53 Stat. 1212."

The brief of the Solicitor for the Patent Office also points out that the patents to Younglof, Bawden, Hale, and Wait et al. all show tires for surface vehicles, provided with treads having V-shaped ribs arranged in chevron-fashion on the exterior of the tires; and that the Bigelow (appellant's) design patent shows a tread "in which the individual rib cross-section comprises a curved side rising from a broad base to meet a straight face perpendicular to the tire."

■ The Smith patent which is entitled "Tire For Airplane Wheels" apparently was cited solely in connection with a contention of appellant to the effect that his design is such as to assist in prerotating the tire as the aircraft prepares to land. That contention obviously raises the question of utility, and it is thoroughly settled by a long line of decisions, including the decision by the Supreme Court of the United States in the case of Gorham Mfg. Company v. White, 81 U.S. 511, 20 L.Ed. 731, that the patentability of a design may not be predicated on utility; In re Jabour, supra, and cases therein cited. However, if the law were otherwise—that is, if it were permissible to consider utility in a design application—we feel confident, from an examination of the patent, that nothing patentable over Smith as to the feature of prerotation would be found in appellant's design.

■ In the case of Gorham Mfg. Company v. White, supra, the Supreme Court declared: "It is the appearance to the eye that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense, and identity of appearance, or sameness of effect upon the eye, is the main test of substantial identity of design," as appears from the second syllabus.

■ It is thought that the appearance of appellant's design and the appearance of prior art features may be fairly visualized and comparisons fairly made from the descriptions hereinbefore given. That there are some slight differences in appearance between the tire treads of appellant and those of the prior art may be conceded, but we are not convinced that the tribunals of the Patent Office erred in holding, as they did in effect, that the modifications of the prior art as shown by a comparison of it with appellant's drawing required anything more than the skill of an artisan.

■ It is noted that there is stamped upon the paper containing the typewritten statement addressed to the court the notation "Chas. A. Bigelow Specialty Engineering." As has been stated, he is the owner of one design patent for an aircraft tire, and according to facts appearing in the case involved in Appeal No. 5844, supra, another application stands allowed in the Patent Office, issuance of the patent being withheld awaiting the outcome of this and the two companion appeals. So, appellant has been credited with the exercise of the inventive faculty in two instances. We do not think that faculty was involved in this case. Perhaps in a sense he has been misled by his own acquired skill into an erroneous conception of the design patent law. It is a law which requires meticulous care in its administration to prevent great harm to legitimate industry.

We deem it not inappropriate to repeat here a paragraph from our decision written by the late Judge Bland in the case of In re Eppinger, 94 F.2d 401, 402, 25 C.C. P.A., Patents, 843 at 845, "We think appellant in his contentions here disregards the necessity for the exercise of the inventive faculties in producing a patentable design. Carried to their logical conclusion, appellant's contentions are to the effect that one must be regarded as a design inventor if he produces a design which has a pleasing effect and which differs in appearance from any prior production, irrespective of any other consideration. The design patent law grants a limited monopoly to a design *inventor*. * * * The purpose of the enactment, obviously, was to stimulate the exercise of the inventive faculty in the improvement of the appearance of articles of manufacture. Invention consists in something more than good draftsmanship and extended research for new appearances. To grant patent mo-

nopolies on applications like the one at bar would, in our opinion, unnecessarily hamper and obstruct manufacturers in the development of their business without promoting the purposes for which the design patent law was enacted." (Italics quoted.)

For the reasons stated the decision of the Board of Appeals is affirmed.

Affirmed.