40 C.C.P.A. (Patents)

### Application of VILLESVIK.
### Patent Appeals No. 5926.

United States Court of Customs and Patent Appeals.

March 11, 1953.

---

2. Cf. In re Steenbock, 83 F.2d 912, 23 C.C.P.A., Patents, 1244.

Harold L. Stults, New York City (Miles D. Pillars, Washington, D. C., Marshall M. Holcombe and Curtis, Morris & Safford, New York City, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner who rejected, as unpatentable over the prior art, appellant's application for a patent on a design for a raker and jointer tool.

The single claim in issue reads:

"The ornamental design for a Raker and Jointer Tool or similar article substantially as shown."

The references are: Bickerstaff, 504,656, Sept. 5, 1893; Richardson, 580,508, Apr. 13, 1897; Higbee, 1,003,904, Sept. 19, 1911.

Appellant during the prosecution of his application described, in part, the subject matter of the appealed claim as follows:

"This tool is used in connection with jointing the cutting teeth on pulp and buck saws and also gauging the correct height of the raker teeth as compared with the cutting teeth on saws having raker teeth. When used as a jointer tool a smooth file is clamped in the slot by the thumb screw shown. When used as a raker tooth gauge the thumb screw is loosened and the file is re-moved and the tooth edge of the saw blade is positioned in the slot."

The letter of the examiner, with whose views and conclusion the board concurred, contained these pertinent remarks:

"Applicant has disclosed herein a device used in setting and sharpening the teeth of a saw. Both the patent and publication references show devices which are not unlike the present tool. Specifically, the Disston raker gages of the publication reference are of substantially the same configuration as the present article. Applicant's device differentiates mainly over the references in that there is a side flange on the present article. It is the examiner's opinion that this flange portion is a convenient structural modification over the prior art devices and that it fails to lend patentable, ornamental merit to the instant device.

"While the rounded corners on applicant's design may present a neater, smoother tool than those of the prior art, it is not believed that invention was involved in the production of the design over the prior art. See In re Johnson, 175 F.2d 791, 36 C.C.P.A., Patents, 1175."

Appellant in an unsuccessful petition for reconsideration urged that the design in issue had been recognized by the purchasing public as having patentable novelty; that while the attractive departure in design which he had effected may now appear to be an obvious one, a long time had elapsed in the art without the production of a tool anywise equivalent to appellant's neater and smoother tool; and that the tremendous acceptance of this design by the trade and public refuted the position of the examiner that no invention was involved in its production.

The board sustained the position of the examiner both on his original disposition of the case and on his reconsideration thereof. Appellant contended unsuccessfully before the board that the enthusiasm and demand of the public for his new tool, due to its more pleasing and attractive appearance over the tools of the prior art,

had resulted in a market for his product of considerable volume.

The board properly held, as we find on a careful examination of the art of record, that appellant's design varies from the references in aspects which, while pleasing and attractive to the eye, involved in their creation the exercise of no inventive faculty but only the mechanical achievement of a person skilled in the art. Moreover, appellant has not submitted as a matter of record evidence required to establish commercial success. Even so, commercial success is of importance only where a doubt exists as to the patentability of the design. In re Miller, 194 F.2d 106, 39 C.C.P.A., Patents, 824.

In view of that conclusion, the decision of the Board of Appeals is affirmed.

Affirmed.