41 C.C.P.A. (Patents)
**Application of KRUEGER.**

**Patent Appeal No. 6001.**

United States Court of Customs
and Patent Appeals.

Nov. 24, 1953.

Edwin E. Vrooman, Washington, D. C.,
for appellant.

E. L. Reynolds, Washington, D. C., (J.
Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and
O'CONNELL, JOHNSON, WORLEY,
and COLE, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of
the Board of Appeals of the United
States Patent Office affirming that of the
Primary Examiner in rejecting, for lack
of invention over the cited references, the
single claim of appellant's application for
a patent on a new, original, and ornamental design of an air diffuser, shown
in two figures of the drawings which
form the basis of appellant's application.

The references relied upon are:

Guth          D– 77,765  Feb. 19, 1929
Kurth et al.  D–120,266  Apr. 30, 1940
Baker         D–155,680  Oct. 25, 1949

The design defined by the claim on appeal was accurately described by the
Board of Appeals in the following excerpt
from its decision:

"The air diffuser shown in the
drawings consists of a series of
square louvers of progressively decreasing dimensions which are connected together in stepped concentric
relation to form a figure which is
pyramidal in outline. The louvers
are inclined outwardly and have horizontal flanges at their outer edges.
While the diffuser is shown in the
drawing with the base downward,
it is probable that in use it would be
installed in a ceiling with the base
upward so that in that position it
would exhibit a downwardly converging outline."

It is understood that the claimed diffuser when in use has the general appearance of a log cabin or skeleton pyramid, and is laid flat against the ceiling
or ceiling rafters of a room. Thus the
diffuser gives a built-in effect which has
an aesthetic appeal to the observer.

In his statement rejecting appellant's
claim, the Primary Examiner thus described the disclosures of the references
and found:

"Guth discloses a ceiling fixture
having a series of concentric bands

of decreasing diameters toward the center of the device. The sides of the circular bands are inclined and the bands are spaced uniformly one above the other. Kurth et al. illustrates a similar device wherein the edges of the concentric rings are flanged while Baker shows a like fixture except that it is in the form of a square.

"It is the Examiner's opinion that no invention is involved in squaring the design of Guth, as taught by Baker, and flanging the edges of the louvres in the manner of Kurth et al."

The Board of Appeals adopted the reasoning applied by the examiner to the disclosures of the cited references and in its final rejection of appellant's claim held:

"we agree with the Examiner that it would be within the skill of the routine designer to make the Guth louvers square as shown by Baker and to provide the louvers with flanges as shown by Kurth et al."

In the brief of counsel for appellant the following analysis of the board's decision is set forth:

"It is to be noted that the Board of Appeals has used three different patents to anticipate the present invention and that it cannot properly rely on any of these patents to show the general design having a log cabin appearance but has to take one of these patents and suggest that if it is made square instead of round, it may have the square appearance of appellant's. Then, if this modified patent cited by the Board of Appeals be drawn out vertically, it may somewhat resemble, if it is properly modified to show the Z-shape of each section; also changed to show the frusto-conical appearance, and also if the arrangement at the corners of the holding means, taken from the third patent, is properly modified and applied to the modifications of the first two patents, we finally arrive at appellant's invention."

The present statute providing for the granting of design patents, how they are to be obtained, and the regulations applicable thereto, 35 U.S.C. § 171, reads as follows:

"§ 171. *Patents for designs*

"Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

"The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided."

■ One purpose Congress had in mind in the enactment of the statute authorizing the grant of a patent on any new, original and ornamental design for an article of manufacture was to enhance the salability of such articles in competitive markets through an aesthetic appeal to the purchasing public. Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S. Ct. 768, 37 L.Ed. 606; In re Bigelow, 194 F.2d 550, 39 C.C.P.A., Patents, 835; Forestek Plating & Mfg. Co. v. Knapp-Monarch Co., 6 Cir., 106 F.2d 554. It is a law which requires meticulous care in its administration to avoid infringement and prevent great harm to legitimate industry. In re Bigelow, 194 F.2d 545, 39 C.C.P.A., Patents, 827, 831.

■ Reference patents, granted for utility or for designs, may be combined in the proper rejection of the claim for a design patent. It is not necessary, as appellant suggests here, that the rejection must be confined to a single reference, substantially disclosing the design of the appealed claim. In re Jennings, 182 F.2d 207, 37 C.C.P.A., Patents, 1023; In re Ward, 182 F.2d 1018, 37 C.C.P.A., Patents, 1239; In re Miller, 194 F.2d 106, 108, 39 C.C.P.A., Patents, 824.

■ In the Miller case, this court reached the following conclusion directly applicable to the facts in the case at bar and requiring reversal of the decision appealed from:

"Here appellant * * * has created a design which we believe to be sufficiently distinct from the cited references, or any combination thereof, in its overall appearance as to present an aesthetic appeal which, to our way of thinking, is the result of the exercise of inventive faculty."

The decision of the Board of Appeals is accordingly reversed.

Reversed.