## In re LA MONTAGNE.
### Patent Appeal Nos. 2856–2861.

Court of Customs and Patent Appeals.
Feb. 1, 1932.

See, also, 47 F.(2d) 975.

Harold Olsen, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Patent appeals Nos. 2856, 2857, 2858, 2859, 2860, and 2861 have, by stipulation of counsel, been jointly briefed and argued, and, inasmuch as the subject-matters of said appeals are largely the same, said appeals will be herein jointly disposed of.

The appellant in each case, Patrick P. La Montagne, on June 21, 1927, filed seven applications in the United States Patent Office for design patents upon what were claimed to be new, original, and ornamental designs for hosiery. One of these went to patent upon May 28, 1929, as Des. 78,636. The claims in the six remaining cases were respectively rejected by the Examiner and by the Board of Appeals.

The various designs for hosiery involved in these appeals are of the same general type. The applicant thus describes his design in appeal No. 2856:

"My design essentially involves a ribbed stocking having sole, toe and heel portions of so-called plain-knitting; the latter merging into a so-called 'ring-toe' section of plain-knitting contiguous to and embracing the looping-line; a ribbed instep-section; and ribbed leg and garter-top portions; the rib-knitting in the instep-section and leg and top-portions being of so-called 1-and-1 type and merges into so-called tuck-knitting in the garter-top; the ribs of the rib-knitting being in spaced apart longitudinal groups, there being in each group five rib-wales and three cylinder wales, respectively."

In No. 2857, the description is varied by groups of six rib wales, spaced by two cylinder wales; in No. 2858, a ribbed leg portion, garter top, and instep portion, without further details; in No. 2859, the ribbed portion is "of the so-called 6 and 1 type," the ribs being in groups involving six cylinder wales, spaced by a rib wale, the ribbing in the top being of the "2 and 1 type." In No. 2860, the ribbed portions are of the "2 and 1 type," and the ribs each consisting of two cylinder wales spaced by a rib wale. In No. 2861, the rib knitting is of the "so-called 1 and 1 type, comprises so-called multitype rib knitting," and the groups each involve "five rib wales plus two cylinder wales, plus one rib wale."

Appellant's application which ripened into said Des. 78,636 illustrates a form-fitting stocking, and is thus described in the specification:

"The drawing shows a ribbed·stocking having the sole, toe, and heel portions of contrasting stitch from that of the ribbed leg and instep portions, the garter-top or cuff being of a different rib-formation; the rib-knitting in the leg and instep portions being characterized by the so-called 'four-and-one' type and by longitudinal grouping of the ribs thereof, and the rib-knitting in the garter-top being likewise characterized by the so-called 'one-and-one' type.

The Examiner, in appeal No. 2856, quite elaborately reviewed the authorities and facts involved, and in part said: "Concurrently with this application applicant filed six other applications, one of which has become Design Patent No. 78,636, May 28, 1929. Said application was allowed after some hesitation and it is believed that this patent has exhausted the possibilities of combining in a single stocking features shown individually old in the references. The claim of this case should further be denied allowance on this ground under the practice laid down in Ex parte Whittington, 347 O. G. 281."

In each of the other cases he referred to these suggestions and made them a part of his statement.

Murphy et al., 1,626,049, of April 26, 1927, La Montagne, 1,282,880, of October 29, 1918, Bennett et al., 570,694, of November 3, 1896, and La Montagne, Des. 78,636, of May 28, 1929, the last named being appellant's concurrent design patent application which went to patent, were cited as references in all the cases for the rejection of the various claims. In addition, item 86–V–2294, Sears, Roebuck & Co., 1925, was cited in all cases except in serial No. 22,517. Certain items in catalogues of Montgomery, Ward & Co., and National Cloak & Suit Co., were also cited as references in rejecting some of the applications.

Claim is made here that appellant's various designs in question are distinctive and unusual, because of the particular stitching and methods employed in making the ribs and wales. The reference patent Montagne (mechanical) 1,282,880, discloses how a stocking may be formed with this machine with a tuck stitch welt. Bennett also discloses a cuff for a garment made in the same way. There is, therefore, nothing new in making a welt or cuff by tuck stitching.

But, event if such stitching were new, appellant's designs must be judged, not from how they are made, but from the appearance of the design itself. Certainly the mechanical structure of an article may not be confused with its design, so that the applicant may, by a design patent, secure a monopoly upon some mechanical process. Protex Signal Co. v. Feniger (C. C. A.) 11 F.(2d) 43.

The mere fact that the designs here sought to be patented may involve some mechanical or utilitarian function does not render them unpatentable. Ashley v. Weeks, etc. (C. C. A.) 220 F. 899; Weisgerber v. Clowney (C. C.) 131 F. 477, 480; Boyle v. Rousso (C. C. A.) 16 F.(2d) 666; Ex parte Koehring, 37 F.(2d) 421, 17 C. C. P. A. 774; Franklin Knitting Mills v. Gropper Knitting Mills (C. C. A.) 15 F.(2d) 375; Dietz v. Burr et al. (C. C. A.) 243 F. 592. However, in all cases, the invention must relate to the design, and be distinguishable from the mechanical function involved. North British Rubber Co. v. Racine Rubber Tire Co. (C. C. A.) 271 F. 936.

The general design involved in all these applications of a plain, flat knit heel, sole, and toe portion, a ribbed instep and leg and the distinctive top band, is prior art, as shown by the references, even were appellant's said design patent, Des. 78,636, excluded from consideration.

The rejection of appellant's various claims by the patent office tribunals, as appears by the Examiner's statement hereinbefore quoted, may be said to be based, not so much upon the state of the art, as upon double patenting. The Examiner held, and this decision was upheld by the Board of Appeals, that the appellant had fully covered the field of the seven applications by the one which went to patent. If this is true, of course, further grants to appellant would constitute double patenting. We intimated this view in In re Schnell, 46 F.(2d) 203, 18 C. C. P. A. 812, 824. This view is also supported by Graff et al. v. Webster et al. (C. C.) 189 F. 902, 908.

We agree with the Patent Office tribunals in their conclusions in this respect. In view of the state of the prior art, and in view of appellant's design patent, we are unable to discern, on inspection, anything inventive in any of the remaining designs. The decision of the Board of Appeals of the United States Patent Office is therefore affirmed in appeals Nos. 2856, 2857, 2858, 2859, 2860, and 2861.

Affirmed.