## In re HOFFMANN.
### Patent Appeal No. 2968.

Court of Customs and Patent Appeals.
May 23, 1932.

John D. Rippey and Lawrence C. Kingsland, both of St. Louis, Mo., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Pri-

mary Examiner denying appellant's application for a patent for an alleged invention relating to a design for a "cabinet stove."

The claim is: "The ornamental design for a cabinet stove, showing my new design."

The references are: Lanzkroner, 1,440,-304, December 26, 1922; Hoffman, 1,453,710, May 1, 1923; Fiske, 1,632,283, June 14, 1927.

The patent to Lanzkroner, as held by the tribunals of the Patent Office, discloses a refrigerator quite similar to appellant's design.

The patent to Hoffman was cited by the Primary Examiner to show that the use "of rectangular shaped compartments" is "old in the stove art."

The Board of Appeals referred to that patent as showing a "cabinet construction applied to a part of a stove."

The patent to Fiske discloses a refrigerator cabinet provided with three doors. The doors are not shown, but, as stated by the Board of Appeals, from the position of the hinges disclosed, it is apparent that they are of the conventional type.

Appellant discloses a structure designed to serve as a cabinet for a stove.

The issue in the case was stated by counsel for appellant in his brief as follows: "The issue in this case is whether it involved invention to take a cabinet form known for centuries and modify it to make a cloak for a cooking stove, known at least for an hundred years, under all of the circumstances including the tireless efforts of the stove manufacturers to arrive at designs for stoves more acceptable than the existing forms, with the component elements before their eyes but without perceiving the solution of the problem, together with an immediate and substantially universal acceptance of the fruits of the inventor's efforts by the industry."

Counsel for appellant concedes that the adaptation of an old cabinet to a new use, no matter how convenient, useful, or beautiful it may be in its new use, is not invention. It is contended, however, that the following language of the Supreme Court in the case of Smith. v. Whitman Saddle Co., 148 U. S. 674, 679, 13 S. Ct. 768, 37 L. Ed. 606, has particular application to the issues here: "If, however, the selection and adaptation of an existing form is more than the exercise of the imitative faculty and the result is in effect a new creation, the design may be patentable."

In order to be understood, the quoted excerpt should be read in connection with other pronouncements in the court's opinion. In discussing the law pertaining to mechanical, as well as design, patents, the court quoted with approval the following from the case of Northrup v. Adams, 12 O. G. 430: "To entitle a party to the benefit of the act, in either case there must be originality and the exercise of the inventive faculty. In the one, there must be novelty and utility; in the other, originality and beauty. Mere mechanical skill is insufficient. There must be something akin to genius—an effort of the brain as well as the hand. The adaptation of old devices or forms to new purposes, however convenient, useful, or beautiful they may be in their new role, is not invention."

It may be, as argued by counsel for appellant, that the involved design differs somewhat from the designs disclosed in the references. However, we are of opinion that those differences are not substantial; that appellant's design does not produce a substantially different æsthetic effect; and that it required nothing more than the skill of the artisan, or the designer, to so modify the references as to obtain appellant's design.

We think the tribunals of the Patent Office reached the right conclusion, and the decision of the Board of Appeals is affirmed.

Affirmed.