23 C.C.P.A. (Patents)

## In re BARBER.

### Patent Appeal No. 3569.

Court of Customs and Patent Appeals.

Jan. 27, 1936.

Frederick Griswold, Jr., of New York City, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, denying to appellant a design patent upon his application filed November 28, 1931. Said application contains a single claim, reading as follows: "The ornamental design for a combined flashlight cap and hanger ring as shown and described."

The Examiner rejected appellant's application upon two grounds, viz., nonpatentability over the prior art, in connection with which ground of rejection a number of references were cited by the Examiner, and also upon the ground that appellant was estopped by his mechanical patents from receiving the design patent applied for. Upon appeal, the Board of Appeals expressly reversed the Examiner upon the ground of rejection because of nonpatentability over the prior art, but affirmed his rejection upon the ground of estoppel. Accordingly, we are here concerned only with the issue of estoppel thus presented. Of the patents relied upon by the Examiner in support of the rejection upon the ground of estoppel, only one was discussed by the board, this being appellant's patent No. 1,894,147, issued January 10, 1933, upon an application filed December 20, 1928. The Examiner relied also upon another mechanical patent to appellant, No. 1,863,151, issued June 14, 1932, upon an application filed March 20, 1929; this patent was not mentioned in the decision of the Board of Appeals, other than to be included in the list of patents cited by the Examiner. It will be observed that the instant application was copending with those applications which resulted in the issue of the above-mentioned patents.

The instant application contains drawings illustrating the design sought to be patented. Figure 2 of the drawings shows a form of screw-on cap for the base of a flash-light. There is a depressed groove, substantially rectangular in shape, extending diametrically across said cap, the groove being formed in such manner that it projects inwardly toward the interior of the flash-light cylinder when the cap is in place. As a result of this rectangular groove, two segmental surfaces remain in the original plane of the cap, one on each side of said groove. These segmental portions provide surfaces upon which the flash-light can be stood upright when the so-called hanger ring, later referred to, is in closed position. In said figure 2 is also shown a hanger ring, evidently formed of wire or similar material. This ring is in the shape of a "U" and has its ends turned outwardly at right angles to the longer sides of the ring, which they terminate. These outwardly projecting ends are shown in said drawing to be inserted in apertures through the walls of the groove in the cap, near one end of said groove. These apertures serve as bearings for said pro-

jections on the ring and permit the pivoting of said ring therein, so that it may be opened or drawn out from its recess in the cap, for use in hanging the flashlight, or may be closed or pushed back into said recess or groove when not required. Two slight projections in the side walls of the groove function to retain the ring in its closed position when it is snapped into the groove against the tension exerted by such side-wall projections. The shape of the ring is substantially the same as that of the groove in the cap, and it fits snugly therewithin when pushed into closed position.

The Examiner held that the essence of the claim under consideration here was substantially covered by claim 1 of each of said Barber patents, particularly patent No. 1,894,147. Said claim 1 of the patent reads as follows: "1. A flashlight bottom cap having a bottom surface formed with a rectilinear single wide groove with substantially straight sides extending diametrically through the bottom surface of the end of the cap without obstructions, and a hanger substantially as wide as the groove pivoted within the groove and lying below the bottom surface."

Figure 2 of the drawings of said patent shows substantially the same type of flash-light cap, the only difference being that the ends of the hanger ring are turned at right angles in the opposite direction to that shown in the instant application; that is, they are turned towards each other. These ends, instead of being inserted into holes in the side walls of the groove, as shown in the instant application, are inserted into a substantially tubular shaped bearing member inserted in one end of the groove, passing through the bottom of the cap and being fastened on the inside thereof. However, figure 5 of said patent shows an alternative method of pivoting the hanger ring which corresponds to that shown in the instant application and hereinbefore described.

The only question here involved is whether the allowance of the instant application would result in double patenting; or, in other words, does the appellant here claim the same invention for which he was granted a patent, No. 1,894,-147?

It is well established that the mere fact that a design sought to be patented may involve some mechanical or utilitarian function does not render it unpatentable, but the "invention must relate to the design, and be distinguishable from the mechanical function involved." In re La Montagne, 19 C.C.P.A.(Patents) 880, 55 F.(2d) 486, 488.

It is also well established that while, as a matter of law, one may have a mechanical patent and a design patent upon the same subject-matter, there must be a clear patentable distinction between the two; or, in other words, they must involve different inventions. In re Hargraves, 19 C.C.P.A.(Patents) 784, 53 F.(2d) 900, 901.

In the case last cited, we said: "When the two ideas are indistinguishable in their characteristics, and manifestly the result of the same inventive idea, a second patent will not be granted."

An analysis of claim 1 of appellant's mechanical patent, above quoted, convinces us that substantially the design here involved would necessarily be produced in a structure embraced in said claim. If this be true, it seems clear to us that there were not two inventive ideas involved in the production of appellant's bottom cap and hanger ring, but only one, and appellant has been granted a mechanical patent for that invention.

In other words, we think that the two ideas of the design here involved and the structure embodying the mechanical invention are indistinguishable in their characteristics, and are manifestly the result of the same inventive idea. Appellant states in his brief that " * * * The design patent application covers an end cap in which the *groove is wide enough to divide the end surface of the cap into three panels substantially proportional in area,* one rectangular and two in the shape of segments of circles, the definition between them being caused by the central rectangular panel being recessed. * * *" (Italics quoted.)

However, said claim 1 of appellant's patent, hereinbefore quoted, contains the element of "a rectilinear single wide groove with substantially straight sides"; in view of this, we fail to see where appellant's counsel in the above-quoted matter has stated a patentable distinction.

For the reasons stated herein, the decision of the Board of Appeals is affirmed.

Affirmed.