Application of ZONENSTEIN.

Patent Appeal No. 5541.

United States Court of Customs and Patent Appeals.

Feb. 1, 1949.

Leon Edelson, of Philadelphia, Pa., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the single claim in appellant's application for a patent for a design for a lipstick mirror.

The appealed claim reads: "The ornamental design for a lipstick mirror substantially as shown."

The references relied on are: Hambaugh 56,359 October 5, 1920; Zaldo 1,584,205 May 11, 1926; Wolfe 2,265,094 December 2, 1941.

The design here involved relates to a mirror adapted to be mounted on a lipstick and comprises a rectangular mirror mounted in a correspondingly shaped frame. An arcuate clip formed of flat strip material is secured to the back of the frame, the clip extending through an arc of about three quarters of a circumference and being adapted to be clipped around a lipstick.

The design patent to Hambaugh shows an ornament which is provided with a clasp in the form of two arcuate flat members extending from the back of the ornament and adapted to extend partially around the object to which the ornament is to be secured.

The patent to Zaldo discloses an octagonal vanity case designed to be secured about the wrist by a bracelet and having a mirror in its cover.

The patent to Wolfe shows a wrist mirror of approximately rectangular shape mounted in a frame. A flat strap extends from each of the two longer sides of the frame and is adapted to be placed around the wrist and secured together to hold the mirror in place, with the back of the frame against the wrist.

The appealed claim was rejected on the patent to Wolfe in view of the patent to Hambaugh on the ground that it would not require invention to replace the wrist strap of the former patent by a clasp of the type shown by the latter. Such a substitution clearly would not amount to invention since clasps and straps are recognized equivalents for securing various objects in place. The suggested substitution would not produce the identical article shown by appellant, but the similarity would be so close that there would clearly be no patentable difference.

In order to warrant the issue of a design patent, the design must not only be new, original, and ornamental, but also must involve invention over the references. See In re Faustmann, 155 F.2d 388, 33 C.C.P.A., Patents., 1065.

The fact that appellant's article is applied to a lipstick, whereas the disclosure in the patent to Wolfe is applied to the wrist, is not material so far as the question of patentability of the design is concerned. Patentability of a design cannot be predicated on size or utility. See Tyler v. St. Amand, 17 App.D.C. 464, 1901 C. D. 301; In re Joseph Eifel, 35 F.2d 70, 17 C. C.P.A., Patents, 582; and In re Patrick P. La Montagne, 55 F.2d 486, 19 C.C.P.A., Patents, 880.

The record contains evidence of commercial success of appellant's article, but such evidence is of value only where the question of patentability is otherwise doubtful. If there was any reasonable doubt as to the patentability of appellant's claim, commercial success of appellant's design would be of material consideration. Having no such doubt, commercial success should not be given such consideration. See In re Day, 118 F.2d 352, 28 C.C.P.A., Patents, 1002, and In re Thayer, 159 F.2d 742, 34 C.C.P.A., Patents, 893.

We have given careful consideration to the arguments presented by counsel for appellant but are of opinion that appellant's design does not involve invention in view of the disclosures in the references.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.