37 C.C.P.A. (Patents)

## Application of JABOUR.

### Patent Appeal No. 5677.

United States Court of Customs and Patent Appeals.

May 9, 1950.

214

Darby & Darby, New York City (Louis D. Fletcher, New York City, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), W. W. Cochran, Washington, D. C., on the brief as former Solicitor for Patent Office, for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner in finally rejecting for lack of invention over the references the single claim of appellant's design application for a patent for a new and ornamental design for a "pressure fluid medium container."

The references relied upon are: Grant, Jr. 2,367,674, Jan. 23, 1945; United Catalog Publishers, Inc., "Radio Master," p. E–33 (Received in Patent Office Feb. 26, 1944).

Appellant's design comprises an elongated cylinder having a short neck at one end and a closed bottom at the other, and having at the bottom a series of circumferentially spaced protuberances radiating from a central substantially circular area.

The patent to Grant, Jr., shows a cylindrical tank with ends of spherical form, and having the same basic shape as the appellant's container. The reference publication shows a microphone with the upper hemispherical surface embellished with spaced protuberances.

It was the examiner's opinion that the claim was unpatentable over the patent to Grant, Jr., disclosing an elongated cylinder with a curved closed bottom, in view of the publication, disclosing a cylindrical housing for a microphone with circumferentially spaced protuberances radiating from a central area; and, that the use of circumferentially spaced protuberances on a like surface of a different article would not be inventive in an ornamental design.

sense. The board agreed with the examiner's rejection.

Appellant describes his container by stating that vessels of that type are used to store gases, such as carbon dioxide, under high pressure as liquids; that, while such vessels have been used commercially for decades, there has been no attempt to improve their ornamental appearance; and, since they are commonly stored on their side, that an improvement of considerable utility would result if the vessels could be stood on end.

Appellant states that with those considerations in mind he developed the design in issue. He contends that it solves three major problems: (1) a configuration for the bottom of the cylinder which does not reduce its ability to withstand high internal pressure; (2) which enables the vessel to stand on end; and (3) which enhances greatly the ornamental appearance not only of the bottom of the container but the container's overall appearance as well.

■■ In design patent cases, of course, the question of utility is not involved, Gorham Mfg. Co. v. White, 14 Wall. 511, 20 L.Ed. 731; In re Faustmann, 155 F.2d 388, 33 C.C.P.A.,Patents, 1065. The mere fact that the design sought to be patented may involve some mechanical or utilitarian function, however, will not render it unpatentable, In re La Montagne, 55 F.2d 486, 19 C.C.P.A., Patents, 880; In re Barber, 81 F.2d 231, 23 C.C.P.A., Patents, 834, but the patentability of a design may not be predicated on utility, In re Zonenstein, 172 F.2d 599, 36 C.C.P.A., Patents, 845. It is, therefore, immaterial that applicant's vessel "provides a bottom on which the vessel can stand," or that the design of the cylinder bottom does not "reduce its ability to withstand high internal pressures." The only issue before us is whether appellant has produced through the exercise of the inventive faculty a new, original, and ornamental design for an article of manufacture, R.S. 4929, 35 U.S.C. 73, 35 U.S.C.A. § 73.

■ A design to be patentable must not only be new, original, and ornamental, but it must result from the exercise of the inventive faculty as well. The fourth element, exercise of the inventive faculty, is the ultimate determinant of patentability: it is said to defy definition, and its determination resides as a subjective standard in the mind of the judge considered as an "average observer." In re Johnson, Jr., 175 F.2d 791, 36 C.C.P.A., Patents, 1175; In re Park, 37 C.C.P.A., Patents ——, 181 F.2d 255.

■ We do not think that appellant's design rises to the dignity of invention, and specifically we agree with the board that the inventive faculty was not called into operation in placing circumferentially spaced protuberances on one end of appellant's cylindrical vessel where the ornamental effect produced is not obviously different than that suggested by the reference publication. Appellant contends that prior art references combined by the Patent Office tribunals against his claim must come from the same art, citing In re Faustmann, supra. That case does not support such a proposition. The designer is concerned with shape and appearance, and he may call upon old forms and configurations wherever found in the public domain to effect a usable design suitable for his purpose. Similarly, the Patent Office tribunals may combine proper references to such old forms and shapes, wherever found, to illustrate the fact that an applicant's design may be lacking in novelty, or that the combination of old forms did not require the exercise of the inventive faculty. See Simonds on Design Patents, 1874, p. 212; Symons, Patents for Designs, 1914, Section 30; Shoemaker, Patents for Designs, 1929, Section 34, and cases cited.

The decision of the Board of Appeals is affirmed.

Affirmed.