39 C.C.P.A.(Patents)

**Application of WARREN.**

**Patent Appeal No. 5848.**

United States Court of Customs and Patent Appeals.

Feb. 18, 1952.

2. McCord Corp. v. Beacon Auto Radiator Co., Inc., Cust. & Pat.App., 193 F.2d 985.

716

Smith, Michael & Gardiner, Washington, D. C., (William A. Smith, Jr., Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C., (S. W. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner on the single claim in appellant's application for a design patent on a "Double Swivel Fitting."

The appealed application, serial No. D-136,796, is one of a group of copending applications filed by appellant for design patents on various types of multiple pipe fittings. The Primary Examiner held the designs individually patentable but not patentably distinct from each other, and required appellant to elect the application he preferred to have issue as a patent. In response to this requirement, appellant indicated a preference for application serial No. D-136,795 which application was then withheld from issue pending decision on some of the other applications, including that on appeal.

The design of the appealed application was then finally rejected by the examiner as not patentably distinct from that claimed in appellant's elected application, serial No. D-136,795. It was also further rejected as not patentable over appellant's elected application in view of certain prior art references.

The references relied on in addition to appellant's elected application are: Gold et al., 1,781,457 November 11, 1930; Modern Plastics, December, 1938, p. 12; Modern Plastics, November, 1939, p. 132; Modern Plastics, Setpember, 1945, p. 237.

The elected application, serial No. D-136,-795, relates to a multiple pipe fitting which is generally U-shaped and comprises first and second 90° L-shaped elbow members joined together at the bridge of the "U" with one end of the first elbow telescoped into an enlarged collar on one end of the second elbow. The enlarged collar has a webbed boss on it. The corners of the elbows comprise a plurality of flat surfaces the junctions of which are rounded off. This gives the corners a semi-box-like appearance. The legs of the "U" are substantially identical, each elbow having a plain cylindrical collar at the end thereof. This collar is somewhat smaller than the enlarged collar of the second elbow referred to above and is joined to the semi-box-like corner of the elbow by a narrowed neck portion.

The appealed design consists in part of a U-shaped swivel fitting very similar to that of the design in the elected application described above. The major point of difference between the designs is that the appealed design has a third 90° L-shaped elbow member telescoped into the second collar of the second elbow of the U-shaped fitting; the resulting fitting is of course no longer U-shaped. This third elbow appears to be identical with the first L-shaped elbow of the U-shaped fitting. Close comparison of the appealed and elected designs indicates that they vary in some other details. On the second elbow of the appealed design there is no narrowed neck portion between the cylindrical collar on that leg of the "U" and the corner of the elbow, this latter collar being somewhat enlarged so that one collar of the third elbow may be telescoped within it. Also, there is a second small ribbed boss on this latter enlarged collar, and the corner of the second elbow of the "U" member in the appealed design is not precisely the same as that in the elected application.

The examiner held the appealed application not patentably distinct from the elected application because, in his opinion, the differences between the two "involve essentially the omission or the addition of small details." The board sustained this rejection of the examiner stating that it regarded the designs as being substantially identical except for the addition in the appealed design of the third L-shaped elbow, and that, in its opinion, the average observer would consider the appealed and elected designs to be essentially the same.

The examiner's other grounds of rejection of the appealed design on the elected design in view of other prior art were not discussed by the board. However, not having been expressly overruled by the board, they may, if necessary, be considered by this court. In re Boyce, 144 F.2d 896, 32 C.C.P.A., Patents, 718. However, if the above-discussed holding of the Patent Office tribunals that the appealed and elected designs are not patentably distinct is correct, it will not be necessary for this court to consider the merits of the other grounds of rejection advanced by the examiner.

It is clear that in considering whether appellant's appealed and elected applications are patentably distinct the question involved is essentially the same as that in a rejection on double patenting.

This court has stated that an inventor is entitled to only one patent for one invention. In re Fischer, 57 F.2d 369, 19 C.C.P.A., Patents, 1077, a utility patent case. We have also held that a second design application may be refused on the ground of double patenting where the appealed application is not patentably distinct from an elected or issued copending design application by the same inventor. In re La Montagne, 55 F.2d 486, 19 C.C.P.A., Patents, 880. It is not a question whether standing alone appellant's design is inventive, but the question is whether it is inventive over the claimed design of appellant's elected or issued application. See In re Copeman, 135 F.2d 349, 30 C.C.P.A., Patents, 962, a utility patent case.

The two applications involved here being for design patents, the essential question is whether the appealed design is sufficiently different in ornamental appearance when compared to the elected application serial No. D–136,795 so that there is a separate and distinct invention involved therein.

To set out a hard and fast rule of what constitutes invention in a design application is difficult, if not impossible. In re Jabour, 182 F.2d 213, 37 C.C.P.A., Patents, 1084; In re Faustmann, 155 F.2d 388, 33 C.C.P.A., Patents, 1065. We think it well settled, however, that a design to be inventive must produce a substantially different aesthetic effect and requires a display of exceptional talent which is something more than that of the ordinary artisan or designer. In re Hoffmann, 58 F.2d 422, 19 C.C.P.A., Patents, 1185; Nat Lewis Purses, Inc., v. Carole Bags, Inc., 2 Cir., 83 F.2d 475.

Viewing the two involved designs as a whole, it is our opinion that the appealed design does not present a substantially different aesthetic effect from that of appellant's elected design application. The above-noted distinctions between these two design applications have been urged upon

us by appellant as sufficiently different and inventive to render the appealed design patentably distinct from the elected design, thus warranting the issuance of both as patents. Notwithstanding these differences, which we regard as mere differences in detail, we agree with the board that the overall appearance of these two designs would be considered essentially the same by the average observer. Nor do we think that such differences as there are required a display of exceptional talent beyond that of an ordinary designer or artisan.

We therefore agree with the board's holding that the appealed design is not patentably distinct from that in appellant's elected design application, serial No. D–136,795.

Having reached this conclusion, it is unnecessary for this court to consider the merits of the examiner's rejections based on appellant's elected application in view of other prior art.

In view of the foregoing, the decision of the Board of Appeals is affirmed.

Affirmed.

39 C.C.P.A.(Patents)
### Application of WARREN.
### Patent Appeal No. 5849.

United States Court of Customs and Patent Appeals.

Feb. 18, 1952.

Smith, Michael & Gardiner, Washington, D. C. (William A. Smith, Jr., Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D.C. (S. W. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

O'CONNELL, Judge.