89 C.C.P.A.(Patents)

**Application of BIGELOW.**

**Patent Appeal No. 5844.**

United States Court of Customs
and Patent Appeals.

Jan. 29, 1952.

Rehearing Denied March 14, 1952.

See also 194 F.2d 545.

Charles A. Bigelow, pro se.

E. L. Reynolds, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner on the single claim in appellant's application for a design patent.

On March 17, 1949, appellant filed two applications for design patents, serial No. D–1,431, and serial No. D–1,434 which is the appealed application herein involved. Each application discloses an allegedly new, original and "ornamental design of Tread for an aircraft tire."

Appellant's appealed application serial No. D–1,434 relates to a design for an aircraft tire tread comprising laterally extending ribs disposed at spaced intervals about the substantially cylindrical circumferential surface of the tire casing. These laterally extending ribs are slightly concavely curved and are disposed at an acute angle with respect to the direction of the axis of the tire casing. The cross section of each rib has a concave curved face and a straight face rising from a broad base at the inner circumference of the tread and tapering to a narrow flat face at the outer circumference of the tread.

Appellant's companion application, serial No. D–1,431, discloses a design for a tire tread very similar to that of the appealed design described above. There appear to be two points of difference in the configuration of this tread and that disclosed in the appealed application. Firstly, the concave curve of the laterally extending ribs is somewhat more pronounced, and, secondly, these ribs are disposed on the circumferential surface of the tire casing substantially parallel to the axis of the casing.

The examiner finally rejected the appealed application as unpatentable over certain prior art. He also held in the final rejection that the design presented in the appealed application was not patentably distinct from the design presented in companion application serial No. D–1,431, and that applicant was required to elect between the two applications should the subject matter they disclosed be found allowable.

The board reversed the examiner's rejection on prior art. However, the board agreed with the holding of the examiner that the designs were not patentably distinct, stating that "the difference in the tire tread lugs is purely one of degree of concavity of one of the sides thereof." In accordance with established Patent Office practice in such cases (see "Manual of Examining Procedure, U. S. Patent Office," p. 199), the board held that, since the designs were not patentably distinct, appellant should elect which of these two applications he wished to have issue as a patent.

Appellant in his reasons for appeal does not challenge the right of the Patent Office to require such an election, but assigns as error the holding of the board that the designs of the two applications are not patentably distinct. Hence, the sole issue before this court is the correctness of this latter holding upon which the board's requirement for election was based. It is clear then that the question involved on appeal is essentially the same as that in a rejection on double patenting.

An inventor is entitled to only one patent for one invention, In re Fischer, 57 F.2d 369, 19 C.C.P.A., Patents, 1077 (a utility patent case); and a second design application may be refused on the ground of double patenting where the appealed application is not patentably distinct from an elected or issued copending design appli-

cation by the same inventor. In re La Montagne, 55 F.2d 486, 19 C.C.P.A., Patents 880. It is not a question whether standing alone appellant's design is inventive, but the question is whether it is inventive over the claimed design of appellant's elected or issued application. See In re Copeman, 135 F.2d 349, 30 C.C.P.A., Patents, 962 (a utility patent case).

Appellant in his assignment of error argues that the concavity of the tread ribs is not the primary difference between the two designs, but that the essential difference lies in the angle of application of the ribs across the face of the tire. He also argues that the variation of this angle is important as related to the size of the tire, and that it alters the action of air forces on the tire.

■ The latter arguments relate to utilitarian features of the design and are without merit in a design case. The mere fact that the design sought may involve some mechanical or utilitarian function will not render it unpatentable, but the patentability of a design may not be predicated on utility or size. In re Jabour, 182 F.2d 213, 37 C.C.P.A., Patents 1084; In re Zonenstein, 172 F.2d 599, 36 C.C.P.A., Patents 845; In re La Montagne, supra.

■ Since the applications involved are for design patents, the real question here is whether the appealed design is sufficiently different in ornamental appearance when compared to that of companion application serial No. D–1,431 so that there is a separate and distinct invention involved therein.

■ It is difficult, if not impossible, to set out a hard and fast rule of what constitutes invention in a design application. In re Jabour, supra; In re Faustmann, 155 F.2d 388, 33 C.C.P.A., Patents 1065. However, we think it well settled that a design to be inventive must produce a substantially different aesthetic effect and requires a display of exceptional talent which is something more than that of the ordinary artisan or designer. In re Hoffmann, 58 F.2d 422, 19 C.C.P.A., Patents 1185; Nat Lewis Purses, Inc., v. Carole Bags, Inc., 2 Cir., 83 F.2d 475.

■ It is our opinion that, viewing the involved designs as a whole, the appealed design does not present a substantially different aesthetic effect from that of the design in companion application serial No. D–1,431. In fact, notwithstanding the above-mentioned differences pointed out by appellant, we think that the over-all appearance of the two designs is practically identical. Nor do we think that such differences as there are required a display of exceptional talent beyond that of an ordinary designer or artisan. We therefore agree with the board's holding that the appealed design is not patentably distinct from that in appellant's companion design application serial No. D–1,431.

■ One more matter remains to be considered. Appellant did not include in the record a copy of the companion design application serial No. D–1,431. A copy of that application was added on the motion of the Commissioner of the Patent Office to correct diminution of the record. This added matter was necessary for proper decision of the case and costs for making such addition are therefore assessed against the appellant.

In view of the foregoing, the decision of the Board of Appeals is affirmed.

Affirmed.