40 C.C.P.A.(Patents)

**Application of ZEMON.**

**Patent Appeals No. 5989.**

United States Court of Customs and Patent Appeals.

June 17, 1953.

Worley, J., dissented.

318

Harness, Dickey & Pierce, Detroit, Mich. (J. King Harness, Detroit, Mich., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

COLE, Judge.

This is an appeal from the decision of the Board of Appeals affirming the examiner's rejection of appellant's design patent claim for a silverware tray which reads as follows:

"The ornamental design for tray substantially as shown."

The following statement, set forth by the board in its opinion, concisely describes the design in question and is entirely adequate for our purposes:

"* * * appellant's tray is rectangular in outline and has a pair of partition walls extending across the tray inwardly of and parallel to the end walls to provide elongated relatively narrow compartments at opposite sides of the tray. A third partition wall extends between the first-mentioned pair of partition walls in spaced relation to one of the side walls, thereby dividing the space between the pair of partition walls into a relatively long narrow compartment and a large generally square compartment. The generally square compartment is provided with a plurality of square columns arranged in a line across the fourth compartment. These square columns or posts serve as racks for the silverware to be placed there between."

The appealed claim was held to be lacking in patentable design invention in view of the prior art of record, i. e., (1) the Norris, Allister-Ball-Bridges Co., "The Blue Book Store," 1930, page, 519, and (2) L. C. Mayers Catalog, 1942, page 370. Both are taken from publications and are admittedly usable for reference purposes in cases of this character.

Before proceeding with a discussion of the prior art, it is well to re-state the fundamental proposition that a design, to be patentable, must not only be new, original, and ornamental, but must also involve the element of inventive skill. In this latter respect, the design produced must be the result of an unusual talent, not within the reach of the ordinary artisan or designer, and the degree of invention necessary to satisfy the law in this regard is not different from that required in the consideration of other patent applications. As we stated in the recent case of In re Jabour, 182 F.2d 213, 215, 37 C.C.P.A., Patents, 1084, "The fourth element, exercise of the inventive faculty, is the ultimate determinant of patentability: it is said to defy definition, and its determination resides as a subjective standard in the mind of the judge considered as an 'average observer.'" With these principles in mind, and with a clear, visual impression

of the applicant's design before us, we now consider the foregoing references.

The prior art relied upon by the commissioner varies in appearance to a considerable extent from the drawing of the instant application. For instance, one is a tray for silverware and is shown in what we shall hereinafter refer to as the Norris publication. It is somewhat difficult to verbally describe the illustrations of this reference as shown in the record, but we do not deem it of sufficient importance to set them forth in the opinion. Suffice it to say that they show platforms having bases or uprights to separate different pieces of silver flatware. To this extent, the Norris publication suggests the feasibility of a single compartment in a silver tray wherein a plurality of square columns are found to reside for the purpose of serving as racks for the silver placed therein. The Mayer publication, the other cited reference, deals with a piece of luggage, and the illustrations thereof are not of sufficient import to justify reproduction in this opinion. While this reference is a complete piece of baggage containing suit hangers and, in general, fitted out as a conventional traveling case, it shows removable bottom partitions, or, as stated by the board, the Mayers citation discloses a generally rectangular shaped body having a plurality of partitions therein, similar to appellant's." The division by partition in the Mayer publication shows four compartments, one being square, and the others being rectangular and somewhat narrow.

From the foregoing descriptions, it may readily be said that there is a difference in appearance and actual construction between the design of the instant application and those of the references, either singly, or in combination. While a design is a matter of shape and ornamentation, and while the cited references show, in general, such a shape, the overall appearance is different. Yet, we do not believe that the design disclosed by the applicant is inventively different, though it may be conceded that applicant's tray presents a neat and trim appearance.

That proper references may be combined by the Patent Office to negative alleged design invention is well settled. It is equally well established that the mere incorporation by a designer of old forms and configurations into his design is not necessarily determinative of the issue of invention or lack of invention. Whether or not a design applicant's idea stems from salient features of prior art designs is, of course, a matter of speculative appraisement. On the one hand, if what such a designer produces in the overall aspect, regardless of the source of his idea, is obviously different from anything in existence, and qualifies as an exercise of the inventive faculty, he should prevail in his efforts to secure a design patent. On the other hand, the fact that a reference cited against a design patent is drawn from a nonanalogous art does not detract from the manner of its use, though it does reflect on the question of remoteness of suggestion between what it discloses and what the applicant discloses.

The matter, in its simplest form, amounts to this: Applicant has designed a tray for silverware which may be said to be new, ornamental, and somewhat original. The prior art consists of one identical feature of the instant design, a one compartment tray for silverware, as previously described, and a piece of luggage showing compartments of varying widths and lengths. In combination, the references do not present the same appearance, and furthermore the prior art as represented by the traveling case is far removed from applicant's silver tray. Nevertheless, we think it is clear that applicant's design is not of such unexpected development, when considered in the light of prior art references, as to warrant the issuance of a patent.

In the case of In re Eppinger, 94 F.2d 401, 402, 25 C.C.P.A., Patents, 843, we said: "Invention consists in something more than good draftsmanship and extended research for new appearances." It is that "something more" which is required of the applicant herein, and which we do not find. Mere differences in appearance

between what an applicant discloses as his design and what is shown by the prior art does not suffice, in itself, to satisfy the requirements of the law relating to design patents. The difference must be a substantial and not a superficial one and the inventive concept must be present in the design applicant's drawing.

In the final analysis, we do not believe that the applicant herein has produced a design which inventively departs from the reference publications or which required other than ordinary talent to create.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.

WORLEY, J., dissents.