O’CoNNEll, Judge,
delivered tlie opinion of the court:
These are five appeals from the respective decisions of the Board of Appeals of the United States Patent Office affirming the decisions of the Primary Examiner rejecting appellant’s five applications, in each of which he sought to obtain a design -patent on an alleged improvement for a traffic signal at a street intersection.
Counsel for both sides and the basic principles of law involved in each appeal are the same, and while five separate records and sets of briefs have been filed here, we will dispose of the appeals in a single opinion.
The designs at bar in Appeals Nos. 5944 and 5945 were rejected by the Patent Office as unpatentable over the disclosure of the design patent issued February 3, 1948, to appellant, Ferguson, D-148,528 on the ground that such disclosure “substantially anticipated” the respective designs defined by those appealed claims.
The designs in Appeals Nos. 5986, 5987, and 5988 were rejected as “substantially anticipated” by, and unpatentable over, the disclosure of the design patent issued July 11, 1950, to appellant Ferguson, D-159,259.
The Patent Office further asserted that such differences as may be noted between the designs of the cited references and those defined by the appealed claims were insufficient to characterize the latter as patentably distinctive over the references.
The present statute providing for the granting of design patents, how they are to be obtained, and the regulations applicable thereto, 35 U. S. 0.171, reads as follows: ■
§ 171. Patents for designs
Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.
*753 The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.
The designs embodied in the three applications of the appeals last described were originally disclosed by appellant in his application No. D-4147, filed July 26,1949. In response to the examiner’s requirement for division, appellant elected to prosecute the said application, the single claim of which matured into patent D-159,259, hereinbefore described. Subsequently and on April 3, 1950, appellant filed each of the two remaining applications in issue as “a division” of the parent application, D-4,147. The patent for the design granted on that application was employed by the Patent Office as the reference for the rejection of the respective designs embodied in the three divisional applications at bar.
In the application of Appeal No. 5944, appellant presents the following descriptive matter and claim:
I * * • have invented a new and original Design for a Traffic Signal, of which the following is a specification, reference being had to the accompanying drawing, forming part thereof, in which the figure is a perspective view of a traffic signal showing my new design.
The dominant features of the invention reside in the portions shown in full lines, and in particular the front face of the signal design.
I CLAIM:
The ornamental design for traffic signal as shown and described.
In the application of Appeal No. 5986 appellant sets forth the following descriptive matter and claim:
I have invented a new and original design for a Traffic Signal, of which the following is a specification, reference being had to the accompanying drawing, forming part thereof, and description of the Figure is as follows:
The single drawing figure is a front perspective view of a traffic signal showing my new design.
The dominant features of my design reside in the portions shown in full lines, and in particular, the front face of the signal design. The back thereof is plain.
I CLAIM:
The ornamental design for a traffic signal, as shown and described.
For the purpose of visual comparison, we reproduce herewith the accompanying designs shown in the drawings of the cited references, together with one of the drawings shown in each of the two groups of appealed claims. These designs are reproduced as representative not only of the variation in the details of the designs in issue but also of the variation in the details of the designs of the respective references.

*754

*755 Appellant contends, among other things, that the board erroneously rejected the designs of the appealed claims on the ground of double patenting, asserting that in each appeal there is but a slight variation between the cited references and the appealed designs. There is no doubt that the slight variation over the references in the designs shown in the appealed claims, if allowed as they now stand, would extend the life of the monopoly of the patented designs. In re Warren, 39 C. C. P. A. (Patents) 873, 194 F. (2d) 715, 93 USPQ, 30; In re Bigelow, 39 C. C. P. A. (Patents) 835, 194 F. (2d) 550, 93 USPQ 17.
Moreover, appellant should have raised the point he now urges on the requirement for division, or “for restriction” as it is now designated in the Rules of Practice in the Patent Office, on the examiner’s requirement for division, as noted in the following excerpt from our recent decision in the case of In re Coleman et al., 38 C. C. P. A. (Patents) 1156, 1164, 189 F. (2d) 976, 90 USPQ 100:
The intermeshing doctrines of division and double patenting are not designed to be a mere trap for the unwary. The two questions are inextricably interwoven and the issues involved in a requirement of division cannot be disregarded where the rejection is on the ground of double patenting. If division would have been necessarily required in the first instance, then double patenting cannot be urged if the copending claims issue in separate patents. If, conversely, a rejection on the ground of double patenting is proper it is a necessary corollary that a requirement of division would have been improper.
Where an applicant simultaneously files several applications in the considered belief that division would be required were only one application to be filed, we hnow of no rule of law which places a duty upon such applicant to attempt to incorporate all of the claims in one case. Where an applicant follows such a procedure and files one case, the question of division usually arises early in the prosecution and a decision is made which may be appealed through normal procedures to this court. Where the opposite course is followed the question of division, as such does not arise, and the double patenting rejection usually is not urged until such time as some of the claims appear allowable. At that time the rejection is termed double patenting, but the issues are fundamentally the same as in the question of division, so that solution of these issues has not been avoided, but merely put off until a time when the decision will carry far more serious consequences to the applicant, since it may be too late to embody all the claims in one application. Such is the situation in this case.[1]
*756 The stated doctrine of the Coleman case related to one of that class of cases provided for in the patent laws other than the statute relating to the granting of a patent for any new, original, and ornamental design for an article of manufacture, such as we have in the case at bar. Nevertheless, the stated rule applies directly to the situation presented in Appeals Nos. 5986, 5987, and 5988. See Smith v. Whitman Saddle Company, 148 U. S. 674, and footnote No. 1 in the case of In re Bigelow, 39 C. C. P. A. (Patents) 827, 829, 194 F. (2d) 545, 93 USPQ 14.
Appellant has emphasized throughout the prosecution of his applications in the Patent Office, and on his appeals here, the acknowledged utility of the designs in issue. Appellant through his inventions disclosed in the cited references has clearly made a valuable contribution to the art involved in providing a system of traffic signals. However, utility, and commercial success which appellant also urges here, cannot be a controlling factor under the facts presented by the records in these appeals. In re Bigelow, 39 C. C. P. A. (Patents) 835, 194 F. (2d) 550, 93 USPQ 17; In re Miller, 39 C. C. P. A. (Patents) 824, 194 F. (2d) 106, 92 USPQ 328. See also Smith v. Whitman Saddle Company, supra; Forestek Plating and Mfg. Co. v. Knapp-Monarch Co., 106 F. (2d) 554.
We find no ground to question the soundness of the action of the tribunals of the Patent Office in the final rejection of the appealed claims, and, for the reasons hereinbefore stated, the respective decisions of the Board of Appeals, in all of the cases from which these appeals were taken, are mffvnned.

. Tlie Solicitor for tile Patent Office noted on oral argument that subsequent to the submission of the applications and decisions in the instant eases, the rules of the Patent Office were revised, and on the pertinent point in question now read :
141. Different inventions in one application. — Two or more independent and distinct inventions may not be claimed in one application except that more than one species of an invention, not to exceed five, may be specifically claimed in different claims in one application, provided the application also includes an allowable claim generic to all the claimed species and all the claims to each species in excess of one are written in dependent form (Rule 75) or otherwise include all the limitations of the generic claim. [Rule 41]
35 U. S. C. 121. Divisional applications. — If two or more independent and distinct inventions are claimed in one application, the Commissioner may require the application to be restricted to one of the inventions. If the other invention *756 is made the subject of divisional application which complies with the requirements of section 120 of this title it shall be entitled to the benefit of the filing date of the original application. A patent issuing on an application with respect to which a requirement for restriction under this section has been made, or on an application filed as a result of such requirement, shall not be used as a reference either in the Patent Office or in the courts against a divisional application or against the original application or any patent issued on either of them, if the divisional application is filed before the issuance of the patent on the other application. If a divisional application is directed solely to subject matter described and claimed in the original application as filed, the Commissioner may dispense with signing and execution by the inventor. The validity of a patent shall not be questioned for failure of the Commissioner to require the application to be restricted to one invention.
142. Requirement for restriction. — (a) If two or more independent and distinct inventions are claimed in a single application, the Examiner in his action shall require the applicant in his response to that action to elect that invention to which his claims shall be restricted, this official action being called a requirement for restriction (also known as a requirement for division). If the distinctness and independence of the inventions be clear, such requirement will be made before any action on the merits; however, it may be made at any time before final action in the case, at the discretion of the Examiner.
(b) Claims to the invention or inventions not elected, if not canceled, are nevertheless withdrawn from further consideration by the examiner by the election, subject, however, to reinstatement in the event the requirement for division is withdrawn or overruled. [Rule 42]