41 C.C.P.A. (Patents)

**Application of PEET.**

**Patent Appeals No. 6042.**

United States Court of Customs and Patent Appeals.

March 23, 1954.

Francis P. Keiper, Syracuse, N. Y., for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner rejecting the single claim in appellant's application for a patent for a design for "A Cabinet Deck for Laundry Apparatus." The claim was rejected for lack of invention over the prior art.

The appealed claim reads as follows:

"The ornamental design for a cabinet deck for laundry apparatus, substantially as shown."

The references relied on are: Rutenber Des. 121,796 Aug. 6, 1940; Walker Des. 143,775 Feb. 5, 1946.

Appellant describes his appealed design as "comprising a relatively flat deck,

having over a substantial portion of the rear thereof a moderately inclined portion, the latter terminating in a shallow arch, generously rounded at the opposite ends to flow into the straight side flanges, such arch being bounded by a uniform width, rearwardly extending flange about 1″ wide. The deck, side and front skirt flanges meet with blended rounded corners. The front flange is slightly bowed or "V'd" to provide a balance against the arch.

"The panel is inclined at its center considerably less than 45°, and in practice, about 33½° from a horizontal plane. The panel is slightly convex transversely thereof to allow for blending into the uniform width arch flange extending rearwardly from the upper panel edge, and the slope decreases from 33½° at the center to about 28° adjacent the side edges."

The Rutenber reference is a design patent for a range. It shows a top plate or deck which, like appellant's, is provided with an upwardly inclined portion along the rear and a downwardly extending skirt along the front and sides. Extending rearwardly from the top edge of the inclined portion is a flange or border. The corners of the deck, the intersection of the inclined portion and the level portion are rounded, also, the intersections of the skirt and flange with the deck are rounded.

The Walker reference is a design patent for a water heater cabinet and it shows a V-ing of the front of the deck or top plate.

Both the examiner and the Board were of the opinion that to modify the Rutenber top by applying a V-formation to the front edge thereof, in view of the teachings of the Walker reference, would not amount to design invention and that the instant design would not distinguish patentably over such modification of the Rutenber patent.

It is proper to combine references for the purpose of showing lack of invention in applications for design patents. In re Staunton, 35 F.2d 63, 17 C.C.P.A., Patents, 579; In re Eppinger, 94 F.2d 401, 25 C.C.P.A., Patents, 843; In re Faustmann, 155 F.2d 388, 33 C.C.P.A., Patents, 1065; In re Jabour, 182 F.2d 213, 37 C.C.P.A., Patents, 1084.

To be inventive, a design must produce a substantially different aesthetic effect and requires a display of exceptional talent which is something more than that of the ordinary artisan or designer. In re Bigelow, 194 F.2d 550, 39 C.C.P.A., Patents, 835; In re Warren, 194 F.2d 715, 39 C.C.P.A., Patents, 873; In re Zemon, 205 F.2d 317, 40 C.C.P.A., Patents, 1051.

Appellant's design differs somewhat from the design of Rutenber modified by the outward V-ing of the front in view of the teaching of Walker. Both the examiner and the Board were of the opinion that the differences amounted to merely a matter of degree. We agree with the Board that it is well settled that rounding corners is an obvious expedient and that the arching of the top of the inclined portion of appellant's design falls in the same category. Also, the V-ing of the front of the deck or top is considered to fall within the expected skill of the routine designer, especially in view of the teachings of Walker. We think the modifications of Rutenber, in view of the teachings of Walker are well within the expected skill of the routine designer and do not amount to invention. In re Johnson, 175 F.2d 791, 36 C.C.P.A., Patents, 1175.

We do not think that invention was required in the production of the appealed design and the decision of the Board is hereby affirmed.

JACKSON, J., retired, sat for GARRETT, C. J.