43 C.C.P.A.(Patents)

Matter of the Application of
Andrew GLAVAS.
Patent Appeals No. 6179.

United States Court of Customs
and Patent Appeals.
Feb. 21, 1956.

S. L. Wheeler and Wheeler, Wheeler & Wheeler, Milwaukee, Wis., for appellant.

Clarence W. Moore, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

O'CONNELL, Acting Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the final rejection by the Primary Examiner of the single claim of appellant's application serial No. D–8,927 for a design patent on a float, on the ground of lack of invention over prior art. The appealed claim is as follows:

"The ornamental design for a float, as shown."

The following references were relied on by the Primary Examiner:

| | | |
|---|---|---|
| Armstrong | 715,938 | Dec. 16, 1902 |
| Patton | 1,386,652 | Aug. 9, 1921 |
| Knecht | 2,404,505 | July 23, 1946 |

The Board of Appeals cited the following additional references:

| | | |
|---|---|---|
| Schwartzberg | Des. 51,395 | Oct. 16, 1917 |
| Nitardy | Des. 91,080 | Nov. 21, 1933 |
| Kihn | Des. 95,965 | June 18, 1935 |
| Weiss | Des. 96,071 | June 25, 1935 |

The appellant's design is embodied in a swimming float which is adapted to be secured upon the chest of a swimmer by means of a strap passing around his body and secured to the ends of the float. The float is a six-sided body of generally rectangular form, having parallel side and end members and upper and lower surfaces which are concave in the direction of the greatest length of the float body. The corners and edges of the float body are rounded.

The Armstrong patent, which is the reference principally relied on, shows a life preserver comprising two float members, one of which is adapted to be held against the chest of a swimmer in the same manner as appellant's float. The

float in the Armstrong device is generally rectangular in form with parallel side and end faces. The lower face is concave in the direction of the shorter length of the rectangle and the upper face is convex.

The patent to Patton shows a flat rectangular pillow having the central portions of its longer sides concaved. Small cushions are provided which have curved faces corresponding to the concavities in the main pillow and which may be secured in such concavities to complete a pillow having an exact rectangular shape.

The patent to Knecht relates to a baby supporter which is in the form of a wedge-shaped cushion having one of its widest surfaces concaved to receive the baby's back when the supporter rests upon one of its ends, against a wall, and the baby is in a sitting position.

The patents to Nitardy and Kihn show bottles, Weiss shows a razor blade sharpener, and Schwartzberg shows a bar of soap. Each of those articles is generally rectangular in shape and has at least two opposite concave surfaces, but none of them, taken alone, is sufficiently similar in shape to suggest the design of the appellant's float.

The Primary Examiner rejected the appellant's claim on Armstrong in view of Knecht and Patton. He stated that Armstrong shows a conventional rectangular float of the type claimed by the appellant, that Knecht shows it to be old in the pillow art to use a concavity on one side, and that Patton shows a pillow having opposed concave portions. It was his opinion that in view of Knecht's showing of a single concavity and Patton's showing, in a different kind of pillow, of opposed concavities, there would be no invention in making the upper and lower surfaces of the Armstrong float concave.

The Board of Appeals in affirming the examiner's rejection, apparently relied principally, if not solely, on the Patton patent as an auxiliary reference, no specific mention being made of the Knecht patent other than to quote what the examiner had said about it. The board's affirmance of the examiner was expressed in the following statement:

"We agree with the Examiner that a shape having a top and bottom concave face is old in the art as shown, for example, by Patton and it is our view that the substitution of a concave upper surface for the convex upper surface of member A of Armstrong would not produce a new and unobvious shape and therefore would not be inventive. We are not impressed by appellant's argument that the secondary references are taken from a nonanalogous art since it is well established that all arts are analogous in considering the shape of an object. Ex parte Knothe, 102 O.G. 1294. Accordingly, the rejection of the Examiner is sustained."

The board added a further ground of rejection based on Armstrong in view of any of the patents to Schwartzberg, Nitardy, Kihn and Weiss all of which show various articles having oppositely concaved surfaces. It was the board's opinion that it would be within the skill of the average designer to substitute the shape shown by any of those patents for that of the float shown by Armstrong.

Neither of the Patent Office tribunals rejected the appellant's claim on the Armstrong patent alone; in each rejection it was considered necessary to resort to other patents to supply features lacking in Armstrong. The question to be determined here, therefore, is whether the auxiliary references relied on properly suggest the proposed modifications in the shape of Armstrong's float. This raises the question of the propriety of combining references in design cases, a point which is extensively discussed in the decisions below and in the briefs.

It is, of course, well settled that a design is not patentable unless it involves invention, and that prior patents may, under proper circumstances, be combined to show lack of invention in a design. In re Faustmann, 155 F.2d

388, 33 C.C.P.A., Patents, 1065, and authorities there cited. Generally speaking, the references so combined in the reported cases have related to designs for the same or similar types of devices, and it is noted that the examiner, in the instant case, stated that the pillow art, from which he selected his auxiliary references, was related to that of floats since seat cushions are frequently made buoyant to serve as floats in emergencies. The examiner, therefore, evidently considered that the arts to which the patented designs related had a material bearing on the propriety of combining them. Similarly this court in the case of In re Johnson, 175 F.2d 791, 792, 36 C.C.P.A., Patents, 1175, 1177, said:

"While patentable designs may result from regrouping familiar forms and decorations, the substitution of a slightly different form already in use *in articles of the class to which the design is applied,* does not merit a monopoly. [Emphasis added.] [Citing Imperial Glass Co. v. A. H. Heisey & Co., 6 Cir., 294 F. 267.]"

On the other hand, the Board of Appeals in its decision in the instant case held that all arts are analogous so far as designs are concerned, citing Ex parte Knothe, 102 O.G. 1294 and In re Jabour, 182 F.2d 213, 37 C.C.P.A., Patents, 1084. While the cited cases do not contain the language employed by the board, they do appear to sanction, under certain circumstances, the rejection of a design application on a combination of references from arts which would be considered nonanalogous from a mechanical standpoint. Thus in the Jabour case, it was held to be proper to combine features from a tank and a microphone.

■■ It is true that the use to which an article is to be put has no bearing on its patentability as a design and that if the prior art discloses any article of substantially the same appearance as that of an applicant, it is immaterial what the use of such article is. In re Sadacca, 56 F.2d 1085, 19 C.C.P.A.,

Patents, 1123; In re Campbell, 104 F.2d 394, 26 C.C.P.A., Patents, 1334. Accordingly, so far as anticipation by a single prior art disclosure is concerned, there can be no question as to nonanalogous art in design cases.

■■ As regards the combination of references in design cases, a different situation is presented. A design, from the standpoint of patentability, has no utility other than its ornamental appearance, and the problem of combining references is therefore one of combining appearances rather than uses. The principle of nonanalogous arts, therefore, cannot be applied to design cases in exactly the same manner as to mechanical cases. The question in design cases is not whether the references sought to be combined are in analogous arts in the mechanical sense, but whether they are so related that the appearance of certain ornamental features in one would suggest the application of those features to the other.

Thus, if the problem is merely one of giving an attractive appearance to a surface, it is immaterial whether the surface in question is that of wall paper, an oven door, or a piece of crockery. As was pointed out in Northrup v. Adams, 1877 C.D. 322, 12 O.G. 430, the painting "upon a familiar vase of a copy of Stuart's portrait of Washington" would not be patentable. The situation in the case of In re Jabour, hereinbefore cited, was of the type just mentioned since it involved the application to a tank of surface ornamentation previously applied to a microphone.

■■ On the other hand, when the proposed combination of references involves material modifications of the basic form of one article in view of another, the nature of the articles involved is a definite factor in determining whether the proposed change involves invention. Obviously, almost every new design is made up of elements which, individually, are old somewhere in the prior art, but the fact that the individual elements of a design are old, does not prove want of invention in assembling them. In re

Whiting, 48 F.2d 912, 18 C.C.P.A., Patents, 1220. It is evident that a worker seeking ideas for improving the appearance of a device would look first to the similar devices of the prior art for ideas. If his problem were one of designing a float for swimmers, he would not be likely to turn to bottles, soap or razor blade sharpeners for suggestions, as was done by the board here, and accordingly the presence in any of the last-named devices of some particular element of configuration would not normally suggest the adaptation of that element to a float. As was pointed out in the case of In re Zemon, 205 F.2d 317, 319, 40 C.C.P.A., Patents, 1051, the art from which a patent is drawn does not necessarily preclude its citation as a reference but "it does reflect on the question of remoteness of suggestion between what it discloses and what the applicant discloses."

As above indicated, the examiner considered that the Patton and Knecht patents for pillows were in an art related to that of the floats of the appellant and Armstrong, for the reason that pillows are sometimes adapted to serve as floats. That position appears to be plausible, but we are unable to find anything in either of the former patents which would suggest modifying the Armstrong float in such a manner as to produce appellant's design.

The Patton patent shows a float pillow having opposite concavities in its narrow edge portions or, as the examiner described it, "concave portions on a knife edge margin." This would not suggest the broad concave upper and lower surfaces of appellant's float, which is clearly of an entirely different over-all appearance from Patton's pillow.

While Knecht's pillow does have a broad concave surface, the opposite face of the pillow is necessarily flat so that it may rest firmly against a flat vertical wall. We see nothing therein which would suggest the opposite concave surfaces of appellant's float.

None of the patents to Schwartzberg, Nitardy, Kihn and Weiss, which were cited by the Board of Appeals, shows an article closely approaching that of the appellant in general appearance. It is true that they all show articles having opposite concave portions, but the articles and their shapes are of such a nature that they would not, in our opinion, suggest the modification of the Armstrong float in the manner described by the board.

 The appellant has produced a unitary article having a shape which is not shown in any single reference and, while its component features may be individually old in the prior art, that art does not suggest combining them as the appellant has done, and the design claimed here, therefore, involves patentable novelty.

The decision of the Board of Appeals is reversed.

Reversed.

JACKSON, Judge, retired, recalled to participate.